BARKDULL, Chief Judge.
By these proceedings, the appellant seeks review of an order denying his motion to strike an “objection” to his claim in a probate proceeding. The initial inquiry is as to whether this court has jurisdiction to review such an order by final appellate proceedings. In this connection, our attention has been directed to previous opinions of this court, found in: In re Nolan’s Estate, Fla.App.1959, 114 So.2d 341, and in Birnbaum v. Feinstein, Fla.App.1961, 129 So.2d 164, which relate to this jurisdictional question. The first opinion indicates that such an order is reviewable by this type of pro *538 ceedings, and the latter opinion indicates that it is not.
The appellant filed a claim which was objected to by a written “objection”, signed only on behalf of the personal representative by his counsel. The claimant then filed a motion to strike the objection, contending that same should have been executed by the personal representative, which motion was denied by an appropriate order of the probate judge and this appeal ensued. The effect of the order denying the motion to strike the objection to the claim brought to a conclusion all judicial labor in the probate court in reference to the purported claim, and was “ * * * a final determination of his [appellant’s] claimed rights against the estate. * * We hold that same is such an order as is revicwable, pursuant to the Florida Appellate Rules applicable to review of final orders, judgments or decrees, and in accordance with the reasoning quoted above, found in the opinion In re Nolan’s Estate, supra. Anything to the contrary set forth in Birnbaum v. Feinstein, supra, is hereby specifically receded from.
 Therefore, finding that we have jurisdiction to consider this matter, we now turn to the merits of the cause as raised by the assignments of error, as preserved in the brief, to wit: whether or not an attorney for a personal representative may file an objection to a claim. The appellant contends that any objection filed to a claim pursuant to the provision of § 733.18, Fla.Stat., F.S.A., must be signed by the personal representative. The appellee contends that the objection may be signed by the counsel of record for the personal representative. We conclude that the proposition must be answered adversely to the appellant, and hold that an attorney of record for a personal representative may sign and file an objection to a claim in an estate. § 733.18 (2), Fla.Stat., F.S.A. does not require that only the personal representative sign an “objection” and there is no provision in the statutes prohibiting a personal representative’s attorney filing such an “objection”. Generally, an attorney is an agent for his client [See: 3 Fla.Jur., Attorneys at Law, § 38], and the appellant has demonstrated no good reason why, either under the statutes of this State or the applicable law, an attorney cannot sign an “objection” to a claim, the same as he may institute a suit for a client without the client’s signature [Rule 1.5(a), Florida Rules of Civil Procedure, 30 F.S.A.], or file a claim in an estate without the client’s signature [§ 733.16, Fla. Stat., F.S.A.]. Therefore, the actions of the probate judge are hereby affirmed.
Affirmed.
PEARSON, TILLMAN, Judge
(dissenting).
It is with extreme reluctance that I dissent from the holding as to the appealability of the order here involved. I do so only in the hope that the expression of my view may help in the ultimate clarification of the difficult area involved.
I think that the order of the probate judge denying appellant’s motion to strike the objection is not a final order. Because it is not final, it is not appealable under art. 5, § 5(3) Florida Constitution, 26 F.S.A. The present decision may introduce further uncertainty as to the appealability of some orders of the county judge’s court. Under such circumstances, consistency may be valued more highly than the perfection of logic.
It was the holding of In re Nolan’s Estate, Fla.App.1959, 114 So.2d 341 that an order was not final which extended the time for filing suit upon a claim to which objection had been filed and served. The holding of Birnbaum v. Feinstein, Fla.App., 129 So.2d 164 was that an order denying a motion to quash objections to a claim was not final. I would hold in this case that the order denying a motion to strike objections to a claim is not final and the appeal should be dismissed