477 So.2d 617 (1985)
MORCYL DISTRIBUTING COMPANY, INC., Etc., and Fine Distributing Corporation, Etc., Appellants/Cross-Appellees,
v.
Thomas FARRELLY, Appellee/Cross-Appellant.
No. 84-1244.
District Court of Appeal of Florida, Fifth District.
September 19, 1985.
Rehearings Denied October 30, 1985.
*618 Michael J. Appleton of Graham, Marlowe & Appleton, Winter Park, and John J. Upchurch of Leonhardt, Upchurch & Parsons, P.A., Daytona Beach, for appellants/cross-appellees.
James A. Lowe, Orlando, for appellee/cross-appellant.
PER CURIAM.
We affirm the trial court's basic finding that appellant Morcyl Distributing Company, Inc. breached its subdistributorship agreement with appellee Farrelly. However, we modify the judgment in favor of Farrelly in the following particulars:
We find insufficient evidence to support the finding that Fine Distributing Corporation was a party to Farrelly's agreement with Morcyl or was in any other manner liable to Farrelly. Accordingly we reverse the judgment as to Fine.
Aside from acts constituting a breach of contract itself we find insufficient evidence of an intentional wrong, insult, abuse or gross negligence as amounts to an independent tort justifying the punitive damages award against Morcyl, therefore, we reverse it. See Griffith v. Shamrock Villages, Inc., 94 So.2d 854 (Fla. 1957); Capital Bank v. G & J Investments Corp., 468 So.2d 534 (Fla.3d DCA 1985).
We further find that Farrelly admitted that the figure of $7,263.91 for gross weekly sales (based upon which Farrelly's business was valued at $72,639.10) included sales by Stu Anding, a third person to whom Farrelly had sold part of his route. Reducing Farrelly's gross weekly sales by those attributable to Anding left Farrelly with gross weekly sales of $4,663.91 and reduced the value of Farrelly's business to $46,639.10. We further find the compensatory award of $13,629 that Farrelly would have received had he been a direct distributor is speculative and conjectural and should not have been awarded. Accordingly the compensatory award in favor of Farrelly against Morcyl is reduced to $46,639.10.
Although the trial judge followed case law in denying prejudgment interest to Farrelly because his damages were unliquidated prior to judgment the supreme court recently rediscovered old precedent to the effect that for the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date. Argonaut Insurance Company v. May Plumbing Company, et al, 474 So.2d 212 (Fla. 1985).
There is evidence to support the trial court's other findings of fact with which Farrelly disagrees.
In summary the appealed judgment is reversed except the award against Morcyl for compensatory damages is reduced to $46,639.10 and, as modified, is affirmed and the cause is remanded for the determination of prejudgment interest under Argonaut.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
COBB, C.J., and ORFINGER and COWART, JJ., concur.