ORFINGER, Judge.
We affirm the judgment for the plaintiff in this breach of contract action on the ground that there is substantial, competent evidence, although disputed, to support the verdict of the trial judge following the non-jury trial. It is not the function of the appellate court to re-evaluate the evidence and substitute its judgment for that of the fact finder. Helman v. Seaboard Coast Line Railroad Company, 349 So.2d 1187 (Fla.1977). The credibility of witnesses and the weight to be given their testimony is for the trier of fact. Marsh v. Marsh, 419 So.2d 629 (Fla.1982).
Having found that plaintiff was entitled to a judgment, the trial court erred in denying plaintiffs demand for pre-judgment interest. Since the case was decided below, the Florida supreme court has held that when a verdict liquidates damages on a plaintiffs out-of-pocket pecuniary losses, plaintiff is entitled, as a matter of law, to pre-judgment interest at the statutory rate from the date of loss. Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla.1985). See also Morcyl Distributing Company, Inc. v. Family, 477 So.2d 617 (Fla. 5th DCA 1985).
The judgment for plaintiff is affirmed. The order denying plaintiffs claim for prejudgment interest is reversed and the cause is remanded with directions to award interest on the amount of the verdict, at the statutory rate, from the date of loss.
AFFIRMED in part; REVERSED in part and REMANDED.
UPCHURCH, and SHARP, JJ., concur.