539 So.2d 1140 (1988)
BLOCH EQUIPMENT COMPANY, INC., Appellant/Cross-Appellee,
v.
NATIONAL MEDICAL INDUSTRIES, INC. D/B/a Advanced Physical Therapy Equipment, Appellee/Cross-Appellant.
Nos. 87-1026, 87-2283.
District Court of Appeal of Florida, Third District.
December 13, 1988.
Rehearing Denied April 6, 1989.
*1141 Ress, Gomez, Rosenberg, Howland and Mintz and Michael Rothman, North Miami, for appellant/cross-appellee.
Stuart I. Levin and David I. Sisselman, Miami, for appellee/cross-appellant.
Before NESBITT and FERGUSON, JJ., and LETTS, GAVIN K., Associate Judge.
PER CURIAM.
We affirm the judgment for Bloch Equipment Company, Inc. as cross-appellee this breach of contract action on the ground that there is substantial competent evidence, although disputed, to support the decision of the trial judge following the non-jury trial. Helman v. Seaboard Coast Line R.R., 349 So.2d 1187 (Fla. 1977); Marsh v. Marsh, 419 So.2d 629 (Fla. 1982), pet. for review dismissed, 427 So.2d 737 (Fla. 1983).
Having found the cross-appellee was entitled to a judgment, the trial court erred in denying Bloch's demand as appellant for prejudgment interest. When a verdict liquidates damages on a plaintiff's out-of-pocket pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of loss. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985); see also Wong v. New Prospect Enter., Inc., 488 So.2d 647 (Fla. 5th DCA 1986); Morcyl Distrib. Co. v. Farrelly, 477 So.2d 617 (Fla. 5th DCA 1985), review denied, 486 So.2d 595 (Fla. 1986).
The judgment for cross-appellee is affirmed. The order denying its claim for prejudgment interest is reversed and the cause is remanded with directions to award interest on the amount of the judgment, at the statutory rate, from the date of loss.