537 So.2d 1134 (1989)
ANDREW H. BOROS, P.A., Appellant,
v.
ARNOLD P. CARTER, M.D., P.A., Appellee.
No. 88-1573.
District Court of Appeal of Florida, Third District.
February 7, 1989.
Andrew H. Boros, in pro. per.
Stephen Lubow, Miami, for appellant.
Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, and M. Scott Kleiman, Tampa, for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
BASKIN, Judge.
Andrew Boros, an attorney, appeals a final judgment awarding damages to psychiatrist, Dr. Arnold P. Carter, an expert witness in a personal injury action brought by Boros on behalf of his client, Irwin Weintraub. Boros had referred his client to Dr. Carter for treatment and called Dr. Carter to testify as an expert witness at trial. When Dr. Carter sent Boros a bill for testifying as an expert at Weintraub's trial, Boros refused to pay. Dr. Carter filed an action alleging breach of contract, account stated, open account, and quantum *1135 meruit. Following a non-jury trial, the court ruled in favor of Dr. Carter.[1] Boros appeals, maintaining that Dr. Carter knew that Boros was acting merely as an agent for Weintraub, who is solely responsible for payment of the fee. We affirm.
The evidence concerning Boros's representations regarding payment was disputed at trial. Dr. Carter testified that when he asked Boros about payment, Boros told him not to worry, that he would "take care of" Dr. Carter after Weintraub's personal injury trial, and stated that he would pay when he received the bill. Dr. Carter's office manager corroborated portions of the doctor's testimony. Boros testified that he never agreed to pay Dr. Carter from his own funds.
Generally, an attorney serves as agent for his client; the attorney's acts are the acts of the principal, the client.[2]Beasley v. Girten, 61 So.2d 179 (Fla. 1952); Epperson v. Rupp, 157 So.2d 537 (Fla.3d DCA 1963). Absent an express agreement, an agent acting for a disclosed principal is not personally liable for the debts of the principal. Blount v. Tomlinson, 57 Fla. 35, 48 So. 751 (1909); International Bulk Shipping, Inc. v. Manatee County Port Auth., 472 So.2d 1321 (Fla. 2d DCA 1985). Although the evidence discloses that Boros was acting on behalf of a disclosed principal and, thus, would not have been responsible for the fee, other testimony, albeit disputed, clearly supports the trial court's conclusion that Boros agreed to pay Dr. Carter's bill. Where the evidence is conflicting, it is the duty of the trial court to evaluate the weight and credibility of the testimony. Marsh v. Marsh, 419 So.2d 629 (Fla. 1982); Helman v. Seaboard Coast Line R.R., 349 So.2d 1187 (Fla. 1977); Bloch Equip. Co. v. National Medical Indus., Inc., 539 So.2d 1140 (Fla. 3d DCA 1988). The trial court resolved the conflict by ruling in favor of Dr. Carter; it is not the function of this court to reweigh the evidence. Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976). Finding that competent substantial evidence supports the decision of the trial court, we affirm the judgment.
Appellant's remaining points lack merit.
AFFIRMED.
NOTES
[1] The court did not set forth, orally or in writing, findings of fact and conclusions of law in support of the judgment.
[2] We note, however, that there may be circumstances where the attorney is the principal. In that case, the attorney must expressly disclaim responsibility to avoid liability.