ANTOON, J., II, Associate Judge.
The issues in this cause are whether the trial court erred in finding that Daniel Bel-lucci breached a contract for purchase and sale of real property in allowing the Moores to retain a $10,000 deposit, and in refusing to award prejudgment interest to the Moores. We find no error and affirm.
In January of 1989, the parties entered into an agreement providing that the Moores would sell their oceanfront house to Bellucci for $310,000. The closing was to take place April 20, 1989. The contract contained the following provision:
O. RISK OF LOSS: If the Property is damaged by fire or other casualty before closing and cost of restoration does not exceed 3% of the assessed valuation of the Property so damaged, cost of restoration shall be an obligation of the Seller and closing shall proceed pursuant to the terms of Contract with restoration costs escrowed at closing. If the cost of restoration exceeds 3% of the assessed valuation of the improvements so damaged, Buy: er shall have the option of either taking Property as is, together with either the 3% or any insurance proceeds payable by virtue of such loss or damage, or of cancelling Contract and receiving return of deposit(s).
Prior to closing, the property sustained storm damage which eroded the oceanfront house’s dune line. The Moores paid $6,330, less than 3% of the proceeds payable, for repairs to the property, and the Moores’ expert testified that those repairs restored the dune to better than its prestorm condition. The repairs were substantially completed prior to the closing date. Bellucci testified that he received an estimate of between $50,000 and $70,000 to have repairs done, but this estimate included building of a rock revetment along the dune line in addition to restoration of the original dune. Bellucci refused to close and filed suit demanding the return of his deposit.
The cost of repairs necessary to restore the property to its condition prior to the storm was disputed at trial. Both sides presented evidence on this issue. The trial court evidently resolved this factual dispute in favor of the Moores. The record shows substantial competent evidence supporting the trial court’s finding that the costs of repairs were less than 3% of the *492 purchase price. The lower court’s findings should not be disturbed by this court. Bloch Equipment Co., Inc. v. National Medical Ind., Inc., 539 So.2d 1140 (Fla. 3d DCA 1988); Deakyne v. Deakyne, 460 So.2d 582 (Fla. 5th DCA 1984).
The Moores argue that they are entitled to prejudgment interest, citing Kissimmee Utility Authority v. Better Plastics, Inc., 526 So.2d 46 (Fla.1988), and Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla.1985), and they maintain that the trial court erred in not making this award. We find, however, the prejudgment interest was waived by the Moores. Provision S of the Contract for Sale and Purchase provides:
S. FAILURE OF PERFORMANCE: If Buyer fails to perform this Contract within the time specified (including payment of all deposit(s)), the deposits) paid by Buyer may be retained by or for the account of Seller as agreed upon liquidated damages, consideration for the execution of this Contract and in full settlement of any claims; whereupon, Buyer and Seller shall be relieved of all obligations under Contract.
(Emphasis added). Absent specific language to the contrary, “any claims” would include claims for prejudgment interest.
AFFIRMED.
COWART and PETERSON, JJ., concur.