IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LILLIAN CLOVER,

      Appellant,

v.
                                Case No. 5D15-1714

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 5, 2016

Appeal from the Circuit Court
for Osceola County,
Diana M. Tennis, Judge.

Joseph N. D'Achille Jr., of Joseph N.
D'Achille Jr., P.A., Titusville, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and L. Charlene Matthews,
and Andrea K. Totten, Assistant Attorneys
General, Daytona Beach, for Appellee.


PER CURIAM.

      Attorney Lillian Clover appeals a judgment and sentence imposed against her for criminal contempt. The trial court determined that Clover had willfully violated a court order by disclosing confidential medical information, which she received from the opposing party through the discovery process, to the Florida Department of Law Enforcement ("FDLE"). We affirm.

The indirect criminal contempt proceeding against Clover arose from her conduct as an attorney in a family law case in which the primary issue was the time-sharing plan for the parties' minor child. Clover represented the Respondent/Father ("Father"). One of the factual issues in the case was whether the Petitioner/Mother ("Mother") abused prescription drugs. On June 4, 2013, the trial court issued a stipulated trial order that provided, *inter alia*:

> 4.     Respondent shall be authorized to view Petitioner's medical and prescription records for the purpose of preparing for the date certain trial scheduled in this matter . . . .
>
> 5.     Respondent shall not copy, publish in any manner, disseminate, or share said records with any third party.

The trial was subsequently scheduled for August 2, 2013. On that morning, Mother was arrested in open court for six counts of "doctor shopping."[1]  Because of Mother's arrest, the trial court continued the trial.

During the discovery process in her criminal case, Mother learned that the criminal investigation into her acquisition of prescription drugs had been the result of information provided by Clover to FDLE Agent Roberto Hernandez, who at the time was assigned to a narcotics task force in Osceola County. In his deposition, Agent Hernandez testified that Clover had reached out to his office in reference to possible "doctor shopping," and subsequently provided him with documentation that included the dates on which Mother had allegedly improperly acquired prescription drugs. However, Clover did not provide Mother's actual medical records to Agent Hernandez.

---

[1] § 893.13(7)(a)8., Fla. Stat. (2013).

2

On March 25, 2014, Mother filed a verified petition for an order to show cause hearing seeking to have Clover held in indirect criminal contempt for violation of a court order. A transcript of Agent Hernandez' deposition was attached to the petition. Clover filed a written response to the petition arguing that Mother's petition was meritless because in his deposition, Agent Hernandez expressly testified that Clover had not provided him with any medical records. Ultimately, the court issued an amended order to show cause and scheduled an evidentiary hearing.

At the evidentiary hearing, Agent Hernandez testified about his multiple contacts with Clover. Significantly, Agent Hernandez acknowledged receipt of a calendar from Clover that included detailed information regarding the timing and dosages of Mother's acquisition of prescription drugs. A copy of the calendar was received into evidence at the hearing. In its order determining Clover was in contempt of court, the trial court made the following findings:

1. A Court order titled "Stipulated Trial Order on Permitting Doctor's Testimony Via Telephone, Admission of Certain Documents into Evidence, Waiver of Records Custodian, and Petitioner's Wavier [sic] of Confidentiality of Medical and Prescription Records", was entered on June 4, 2013, stating in pertinent part at paragraph 4: Respondent shall be authorized to view Petitioner's medical and prescription records for the purpose of preparing for the date certain trial" and paragraph 5: "Respondent shall not copy, publish in any manner, disseminate, or share said records with any third party."

2. The Petitioner's Verified Petition for Order to Show Cause for Indirect Criminal Contempt filed March 25, 2013 alleges violations of the June 4, 2013 Order, and dissemination of medical and prescription information related to the Petitioner, . . . by Lillian Clover. Ms. Clover, who is an attorney licensed by [T]he Florida Bar, represented the Respondent, . . . , in custody litigation against [Petitioner].

3

3. The June 4, 2013 Order at issue is attached as Exhibit "A".

4. On or about July 10, 2013, a few days after receiving the medical records referred to in the June 4, 2013 Order, Ms. Clover telephoned the Florida Department of Law Enforcement stating that she had information related to someone "doctor shopping". Officer Hernandez returned her call and ultimately Ms. Clover supplied [Petitioner's] name in reference to this allegation, and some information about how she had come into possession of evidence (representing the opposing party in a custody dispute). She also provided a multipage document in calendar format with notations that reference the Petitioner's doctor appointments, prescriptions and where they were dispensed, and dosages of various medications. This information led to an investigation of [Petitioner] by Officer Roberto Hernandez of FDLE.

5. Officer Hernandez consulted his legal department due to concerns about where this information came from, and concerned [sic] his investigation into it may be tainted in some way. Ultimately he had multiple conversations and at least one meeting with Ms. Clover.

6. Ms. Clover published the Petitioner's name and medical information to a third party for the purpose of gaining an advantage in the paternity case for her client.

7. Ms. Clover contends that her contact with law enforcement and sharing of information was not a violation of the June 4, 2013 Order, and that an Order directed to "Respondent" does not apply to her.

The trial court concluded that it was "convinced beyond a reasonable doubt that Ms. Clover intentionally shared, or 'published', the Petitioner's . . . medical and prescription information with law enforcement within days of this Court's confidentiality order clearly prohibiting her to do so." The trial court withheld adjudication of guilt and imposed a $500 fine. The order also reflected the trial court's intent to forward its order to The Florida Bar.

4

Clover raises several issues on appeal, only two of which merit discussion. First, Clover contends that the order only applied to her client because paragraph five of the June 4, 2013, order referenced only "Respondent" in prohibiting the publication, dissemination, or sharing of Mother's medical and prescription records with any third party. We reject this argument. Here, Clover was serving as an agent for her client. *See Beasley v. Girten*, 61 So. 2d 179, 181 (Fla. 1952) ("We are not unmindful of the rule that counsel is the litigant's agent . . . ."); *Andrew H. Boros, P.A., v. Arnold P. Carter, M.D., P.A.*, 537 So. 2d 1134, 1135 (Fla. 3d DCA 1989) (noting that an attorney serves as agent for his client). An individual who is not a named party can nonetheless be subject to a court order where the individual is aware of the order and is acting as an agent for the named party. For example, in *Wilson v. United States*, 221 U.S. 361 (1911), the United States Supreme Court concluded that a corporate officer could be found in contempt for failing to respond to a subpoena duces tecum, notwithstanding that the subpoena was addressed only to the corporation:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

221 U.S. at 376.

Similarly, Florida Rule of Civil Procedure 1.610(c), expressly recognizes that an injunction can be binding on a party's attorney:

> Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding on the parties to the action, their officers, agents,

5

servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.

We also note that accepting Clover's disingenuous argument would mean that Clover should not have received the confidential medical and prescription records in the first place, given that the preceding paragraph of the June 4, 2013, order granted "Respondent" authorization to review Mother's medical and prescription records.

Next, Clover contends that the court order was not violated because the actual medical records were not provided to Agent Hernandez. Clover's argument ignores the express language of the order that prohibited Mother's medical and prescription records from being copied, published in any manner, disseminated, or shared with any third party. This broad language precluded both the written and verbal communication of the contents of Mother's confidential records to third persons.

We conclude that the trial court's determination that attorney Clover willfully violated its June 4, 2013, order is supported by the record. Consistent with the obligation imposed on judges by the Florida Code of Judicial Conduct, a copy of this opinion will be forwarded to The Florida Bar.

AFFIRMED.

PALMER, EVANDER and BERGER, JJ., concur.

6