367 So.2d 1080 (1979)
Charles McCOY and United Services Automobile Association, a Texas Corporation, Appellants,
v.
Andrew Frazier RUDD et al., Appellees.
No. KK-308.
District Court of Appeal of Florida, First District.
February 16, 1979.
*1081 E. Harper Field of Keen, O'Kelley, Field & Ellis, Tallahassee, for appellants.
Keith J. Kinderman and Rivers Buford, Jr., Tallahassee, for appellees.
MASON (Circuit Judge, Retired), Associate Judge:
This is an appeal from a final judgment of the Circuit Court of Jefferson County based upon a jury verdict awarding appellees the sum of $75,000.00 with interest thereon from March 3rd, 1973, at six percent per annum, to date of verdict.
The facts are as follows: On March 3rd, 1973, a fire on appellees Rudds' land destroyed three outbuildings and personal property therein. The buildings contained beehives, beehive equipment and certain tools. Subsequently the Rudds filed suit against appellant McCoy, a neighbor, and McCoy's insuror, appellant United Services Automobile Association, alleging that McCoy's son, Mark, caused the fire by negligently igniting a rocket on the Rudds' land which blasted off, the exhaust from which ignited grass on such land causing the fire to spread to the buildings burning the same and the contents therein. The Rudds claimed damages in excess of $100,000.00. In their complaint they lumped together their claims for loss to the buildings and for loss of contents. At trial they claimed $42,336.00 as replacement costs of the buildings and $95,420.00 for loss of contents. The jury returned a general verdict for $75,000.00, principal amount for such losses.
Appellants raise three points on appeal. The first point is that the trial court erred by admitting into evidence an estimator's testimony as to costs of replacement of the buildings based upon an architect's plans which were drawn at the owners' request and who desired that the buildings be reconstructed exactly as they existed prior to the fire, and who informed the architect as to the size and nature of such pre-existing buildings and of the materials used in their construction. There was evidence that Mr. Rudd had actively participated in the acquisition of such materials and in the construction of such buildings. We hold that such evidence was not hearsay under the circumstances as related and that the court did not err in admitting it. Furthermore, on the question of damages there were two issues, one as to damage for loss of the building and one as to damage for loss of contents. There was testimony as to loss of contents that such loss was more than the amount of the general verdict rendered, so that if the claim for cost of reconstruction of the buildings is completely disregarded, the verdict for $75,000.00 has support in the evidence before the jury. We therefore find that Point One is without merit. See Colonial Stores, Inc. v. Scarbrough, Fla., 355 So.2d 1181.
The second point raised by appellants is that the trial court erred in instructing the jury as to the effect of F.S. 590.08 and 590.13 (1977) upon the issue of negligence of the appellant McCoy in the premises. F.S. 590.08 reads as follows:

*1082 "590.08. Unlawful burning of lands. It is unlawful for any person to willfully or carelessly burn or cause to be burned, or to set fire to or cause fire to be set to, any forest, grass, woods, wild lands, or marshes not owned or controlled by such person."
F.S. 590.13 is as follows:
"590.13. Civil liability. Any person violating any of the provisions of this chapter shall be liable for all damages caused by such violation, which damages shall be recoverable in any court of competent jurisdiction. The civil liability shall obtain whether there be criminal prosecution and conviction or not."
These statutes were in effect at the time of the fire in question.
We find that the court did not err in reading these statutes to the jury in the giving of his instructions and that Point Two is therefore without merit. In so doing we hold that the term "grass" as used in the statute is not limited to grass growing upon wild lands or marshes but encompasses grass growing upon improved lands, as was the case here.
The third point raised by appellants is that the trial court erred in allowing to stand the jury's verdict for interest on the principal amount of its award from the date of the fire to date of verdict. We agree and reverse that portion of the final judgment awarding such interest. This was a tort action wherein the damages were unliquidated and interest upon the principal award runs only upon entry of final judgment.
Where the judgment is for damages, interest may not be added to the principal award unless there can be a conclusive determination of an exact amount due and a date from which interest can be computed. See Bryan and Sons Corp. v. Klefstad, 265 So.2d 382, 385 (Fla. 4th DCA 1972). There was a dispute between the parties hereto not only as to fault but also as to the amount of appellees' loss. This dispute was settled only by the jury. Assuming that the appellant, McCoy, was negligent from the outset of the dispute there was no way that he could have reasonably known with any degree of certainty or definiteness how much he owed the Rudds until the jury settled the issue by their verdict. The Rudds were claiming over $137,000.00. The jury found they were entitled to only $75,000.00, a figure, by the way, which was more than the amount claimed for loss of buildings and less than that claimed for loss of contents. There is no way by looking at the jury's figure of $75,000.00 of knowing that the award was limited to loss of contents, or partially for loss of contents and partially for loss of buildings. This is therefore a classic case of unliquidated damages. 9A Fla.Jur. (Damages, Section 88). We therefore reverse and remand with direction to the trial court to modify and amend the final judgment by striking therefrom the item of interest in the amount of $23,227.35.
Reversed and remanded for further proceedings in accordance with direction expressed in the last paragraph of this opinion.
MILLS, Acting C.J., and MELVIN, J., concur.