LETTS, Judge.
This case arises out of a fire at the Colony Club Apartments for which the owner’s Insurance Company paid $249,-360.51 for the loss. Thereafter the Insurance Company filed the instant subrogation action against appellants May Plumbing, claiming the fire had been caused by the negligence of an employee of the Plumbing Company. Judgment was entered for the Insurance Company in the amount of $187,-020.38 after a reduction for 25% comparative negligence charged against the owner. The trial court awarded prejudgment inter *877 est. We find error only as to this award of interest.
The comparative negligence factor made any award of damages uncertain and therefore unliquidated. We are persuaded by the case McCoy v. Rudd, 367 So.2d 1080 (Fla. 1st DCA 1979), in which the owner of some buildings sued the parents of a boy who caused the fire. The court disallowed the interest awarded by the trial court saying:
Where the judgment is for damages, interest may not be added to the principal award unless there can be a conclusive determination of an exact amount due and a date from which interest can be computed. See Bryan and Sons Corp. v. Klefstad, 265 So.2d 382, 385 (Fla. 4th DCA 1972). There was a dispute between the parties hereto not only as to fault but also as to the amount of appel-lees’ loss. This dispute was settled only by the jury. Assuming that the appellant, McCoy, was negligent from the outset of the dispute there was no way that he could have reasonably known with any degree of certainty or definiteness how much he owed the Rudds until the jury settled the issue by their verdict.
See also Parker’s Mechanical Contractors v. Eastpoint Water & Sewer District, 367 So.2d 665 (Fla. 1st DCA 1979).
The award of prejudgment interest is reversed and this cause remanded for the entry of a judgment in accordance herewith.
We find no reversible error in the remaining points on appeal.
REVERSED AND REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.