474 So.2d 212 (1985)
ARGONAUT INSURANCE COMPANY, et al., Petitioners,
v.
MAY PLUMBING COMPANY, Northern Assurance Company, Commercial Union Insurance Company and Chicago Insurance Company, Respondents.
No. 65738.
Supreme Court of Florida.
July 3, 1985.
Rehearing Denied September 12, 1985.
*213 Thomas D. Lardin of Weaver, Lardin and Lardin, Fort Lauderdale, for petitioners.
Frank R. Gramling of Fertig & Gramling, Fort Lauderdale, for Chicago Ins. Co.
Robert M. Klein of Stephens, Lynn, Chernay & Klein, Miami, for May Plumbing Co., Northern Assur. Co. and Commercial Union Ins. Co.
EHRLICH, Justice.
This cause is before the Court because the decision of the district court of appeal in Chicago Insurance Co. v. Argonaut Insurance Co., 451 So.2d 876 (Fla. 4th DCA 1984), directly and expressly conflicts with the decision of another district court of appeal. Bergen Brunswig Corporation v. State, Department of Health and Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Argonaut Insurance Company paid $249,360.51 to the owners of the Colony Club Apartments for damages from a fire caused by the negligence of a May Plumbing Company employee. Argonaut then filed a subrogation action against May and its insurers and was awarded a judgment of $187,020.38 after the apartment owners were found to have been 25% contributorily negligent in the fire. The trial court awarded prejudgment interest.
On appeal, the district court reversed the award of prejudgment interest, holding that the comparative negligence factor made the award of damages uncertain and, thus, unliquidated. The opinion of the Fourth District Court of Appeal is itself an *214 indicium of the conflict and confusion in the treatment of prejudgment interest.
The opinion cites as persuasive precedent the First District's decision in McCoy v. Rudd, 367 So.2d 1080 (Fla. 1st DCA 1979). In McCoy, plaintiffs were awarded $75,000 plus prejudgment interest as damages for losses resulting from a neighbor's negligently ignited grass fire. The appellate court disallowed the prejudgment interest because the damages were unliquidated. Both liability and the amount of the loss were disputed at trial. The court enunciated the rule, upon which the Fourth District relied in the instant case, that "[w]here the judgment is for damages, interest may not be added to the principal award unless there can be a conclusive determination of an exact amount due and a date from which interest can be computed." 367 So.2d at 1082, quoted at 451 So.2d at 877.
The First District, however, no longer embraced that rule. In Bergen Brunswig Corp., the court announced that "the better rule" was that "for the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date." 415 So.2d at 767. The First District cited as persuasive authority for the better rule a case from the Fourth District, Tech Corp. v. Permutit Co., 321 So.2d 562 (Fla. 4th DCA 1975).
We approve the position adopted in Bergen Brunswig Corp. and so quash the decision of the district court below. In agreeing with the First District's evaluation of "the better rule," we do not make new law. Rather, we reassert the stare decisis controlling effect of Supreme Court decisions from the past century, cases from which this Court has never receded.
In Jacksonville, Tampa & Key West Railway v. Peninsular Land Transportation & Manufacturing Co., 27 Fla. 1, 9 So. 661 (1891), a case dealing with negligent burning of plaintiff's property, this Court ruled:
The law as to what is the "measure of damage" in the abstract, in cases where the property of one has been destroyed, unintentionally, but by the negligence or carelessness of another, ... is well settled to be "just compensation in money for the property destroyed;" such an amount as will fully restore the loser to the same property status that he occupied before the destruction. To arrive at the amount of such compensation, inquiry ... is necessarily confined strictly to the ascertainment of the value of the properties destroyed, with such incidents of interest for the retention of such value from the person entitled thereto as may be sanctioned by law.
27 Fla. at 119-20; 9 So. at 679.
Six years later, in Sullivan v. McMillan, 37 Fla. 134, 19 So. 340 (1896), the Court further elaborated on that rule:
"There is no reason why a person injured should have a smaller measure of recovery in one case than the other... . On general principles, once admit that interest is the natural fruit of money, it would seem that, wherever a verdict liquidates a claim and fixes it as of a prior date, interest should follow from that date."
37 Fla. at 143; 19 So. 343, (quoting 1 Sedgewick Damages § 300 (8th ed. 1891).
Thus, since at least before the turn of the century, Florida has adopted the position that prejudgment interest is merely another element of pecuniary damages.[1] While doing so, the Court recognized and rejected an alternative but traditional rationale  that prejudgment interest was to *215 be awarded as a penalty[2] for defendant's "wrongful" act of disputing a claim found to be just and owing. This view is still the rule of some jurisdictions. See, e.g., Home Insurance Co. v. Olmstead, 355 So.2d 310 (Miss. 1978). The distinction between liquidated and unliquidated claims is closely linked to this "penalty theory" of prejudgment interest. To punish a defendant for failure to pay a sum which was not yet certain or which he disputed would be manifest injustice. But where the amount is certain and the defendant refuses to surrender it because of defenses determined to be meritless, the defendant may properly be punished for abuse of his privilege to litigate. Under the "loss theory," however, neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest. Rather, the loss itself is a wrongful deprivation by the defendant of the plaintiff's property. Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor.
When prejudgment interest is considered retribution rather than restitution, the finder of fact, whether judge or jury, has to decide both entitlement to and amount of prejudgment interest. As jurisdictions have adopted the "loss theory" many, including Florida, have nonetheless retained this vestige of the earlier theory and left to the jury the duty of awarding such interest. Such a procedure is anomolous in a jurisdiction where prejudgment interest is held to be an element of damages as a matter of law. Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation. There is no "finding of fact" needed. Thus, it is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict. We conclude that the finder of fact should not consider the time-value of money in its consideration of damages.
Furthermore, just as the loss theory forecloses discretion in the award of prejudgment interest, there is no discretion in the rate of that interest. The legislature has established a statutory interest rate which controls prejudgment interest. § 687.01, Fla. Stat. (1983).
The statutory rate in effect from the date of the loss until the entry of judgment was six per cent per annum. The trial judge, however, awarded interest on an arbitrary and apparently punitive escalating scale  six per cent for the first 965 days, eight per cent for the next 1,095 days, ten per cent for 365 days and twelve per cent for seventy-seven days. The amount of interest to be paid, absent a controlling contractual provision, is a matter of policy to be determined by the legislature. The judiciary does not have discretion in this matter but must apply the statutory interest rate in effect at the time the interest accrues.
In short, when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss. Accordingly, we find the trial court's award of prejudgment interest was proper but its applying differing rates of interest for various periods of time was improper. We quash the decision of the district court and remand to the trial court for entry of an award of prejudgment interest calculated at the statutory rate.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
NOTES
[1] We are mindful that this Court has ruled that prejudgment interest is not recoverable on awards for personal injury. Zorn v. Britton, 120 Fla. 304, 162 So. 879 (1935); Farrelly v. Heuacker, 118 Fla. 340, 159 So. 24 (1935).

Zorn was a suit arising from an automobile accident which resulted in both personal injury and property damage. The Court disallowed the claim for prejudgment interest because, although it would normally be awarded for the property damages, the jury had lumped the award in a general verdict. The Court could not apportion the damages between the property loss and the personal injury.
[2] The "penalty theory" of prejudgment interest has been linked to the medieval disapproval of all interest as a form of usury. C. McCormick, Handbook on the Law of Damages § 51 (1935).