## REALISTAT, INC. v THE WEITZER GROUP, INC.

Case No. 86-393AP (County Court Case No. 86-13395CC05)

Eleventh Judicial Circuit, Appellate Division, Dade County

July 14, 1987

### APPEARANCES OF COUNSEL

**Michael J. Fingar** for appellant.

**Victor K. Rones** for appellee.

Before SALMON, RIVKIND, HENDERSON, JJ.

### OPINION OF THE COURT

PER CURIAM.

The trial court entered judgment for the Plaintiff/Appellant Realistat, Inc., but denied its claim for prejudgment interest. This is an appeal by the Plaintiff from the denial of prejudgment interest, and a cross-appeal by the Defendant, The Weitzer Group, Inc., challenging the judgment in favor of the Plaintiff.

The trial court in entering judgment for Plaintiff awarded liquidated damages as of a date certain, and should have awarded prejudgment interest automatically. In *Argonaut Insurance Company v. May Plumbing Co.*, 474 So.2d 212 (Fla. 1985), the Supreme Court of Florida held:

"As jurisdictions have adopted the "loss theory" many, including Florida, have nonetheless retained this vestige of the earlier theory and left to the jury the duty of awarding such interest. Such a procedure is anomalous in a jurisdiction where prejudgment interest is held to be an element of damages as a matter of law. Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation. There is no "finding of fact" needed. Thus, it is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict. We conclude that the finer of fact should not consider the time-value of money in its consideration of damages."

This matter is REVERSED and REMANDED to the Trial Court for the purpose of awarding prejudgment interest. The Cross-Appeal is DENIED, and the Final Judgment is AFFIRMED in all other respects.