PER CURIAM.
The appellee, Humana of Florida, Inc., entered into a settlement agreement with the claimant in a medical malpractice action filed against the appellee and others. As part of the overall settlement, Humana also paid off the claims made against a group of doctors in exchange for the doctors’ assignment to Humana of their claims against their own liability insurance carrier, appellant, Vigilant Insurance Company, who had denied coverage. This appeal is from a jury verdict and judgment entered thereon finding that the claim was covered under appellant’s policy, but holding that the settlement amounts should be reduced.
We find no error as to the awards made to the appellee, including the award of prejudgment interest on the amounts determined by the jury to be reasonable amounts for settlement of the claims against the doctors. See Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla.1985). Since the jury determined that appellant wrongfully withheld coverage and abandoned its insureds to deal with the claim on their own, it seems to us that it would be inequitable to deny an insured interest on the amount a jury has determined the insured reasonably paid in settlement of a claim for which the insurer should have been responsible.
While we affirm the award of prejudgment interest, we believe this issue is of great public importance and certify it for possible resolution by the Florida Supreme Court:
IS AN INSURED OR ITS ASSIGNEE UNDER A POLICY OF LIABILITY INSURANCE ENTITLED TO PREJUDGMENT INTEREST AGAINST ITS LIABILITY INSURANCE COMPANY ON AN AMOUNT PAID OUT IN SETTLEMENT OF A CLAIM MADE AGAINST IT WHEN THE INSURANCE COMPANY HAS BEEN DETERMINED TO HAVE WRONGFULLY DENIED COVERAGE FOR THE CLAIM?
ANSTEAD, GUNTHER and STONE, JJ., concur.