PER CURIAM.
The appellant, Garrett E. Mosure, is the son of Bonnie K. Mosure and the executor of her estate. Bonnie was the beneficiary of a health insurance policy originating in her deceased husband’s employment by *453 General Motors. Bonnie suffered from a variety of ailments requiring intermittent hospitalization and ultimately, nursing home care. The policy excluded “custodial” care from coverage and the carrier declined payment of the nursing home’s charges. Bonnie died in 1977. The trial court’s factual determination, which we do not disturb, was that the nature and degree of care Bonnie required was not merely “custodial” and fell within the policy’s terms. The trial court’s final judgment awarded the executor prejudgment interest for the period from October 11, 1977, to June 30,1980, at the rate of six percent per annum. The executor has appealed that aspect of the judgment claiming entitlement to prejudgment interest to the moment of the final judgment, i.e., July 18, 1986. He is correct. We also find that the appellees have correctly contended on cross-appeal that the appellant’s damages are limited by the policy to 730 days of skilled nursing care. The trial court’s award erroneously exceeds the policy’s restricted coverage.
We reverse the final judgment and remand this matter for the entry of an amended final judgment reflecting the appropriate damages. Finally, the trial court shall award prejudgment interest to the executor at the rate of six percent for the period from October 11, 1977 to June 30, 1982, and at the rate of twelve percent from July 1, 1982 until the judgment is satisfied consistent with Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).
RYDER, A.C.J., and CAMPBELL and FRANK, JJ., concur.