**AIR PRODUCTS AND CHEMICALS, INC., Plaintiff–Appellant,**

v.

**The LOUISIANA LAND AND EXPLORATION COMPANY, Defendant–Appellee.**

No. 88–3448.

United States Court of Appeals, Eleventh Circuit.

March 16, 1989.

---

John A. Bussian, Morgan, Raymond T. Cullen, Lewis & Bockius, Miami, Fla., for plaintiff-appellant.

Peter J. Winders, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for defendant-appellee.

Before RONEY, Chief Judge, HILL, Circuit Judge, and MARCUS *, District Judge.

---

* Honorable Stanley Marcus, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. 5.9: The price to be paid by Buyer to Seller for sales and purchases of ethane pursuant to this Agreement for each Six Month Period beginning with the Second Six Month Period of 1976, during either the Initial Contract Period or the Second Contract Period shall be the higher of the following:

> Ethane Price for Second Six Month Period of 1976 = Base Price $\times$ $\dfrac{\text{Gulf Coast Fuel Index for First Six Month Period of 1976}}{\text{1974 Gulf Coast Fuel Index}}$

or
(b) The price set forth in Section 5.5 hereof times the ratio of the Composite Average Index for the Six Month Period immediately preceding the Six Month Period for which a

> Ethane Price for Second Six Month Period of 1976 = Base Price $\times$ $\dfrac{\text{Composite Average Index for First Six Month Period of 1976}}{\text{1973 Composite Average Index}}$

PER CURIAM:

Air Products and Chemicals, Inc. ("Air Products") appeals from an order granting The Louisiana Land and Exploration Company's ("LL & E") motion for summary judgment and awarding prejudgment interest. This is the second appearance of this case before our court. This time, we must determine whether the district court erred in granting LL & E's motion for summary judgment on the issue of waiver and whether the district court properly calculated and awarded prejudgment interest to LL & E.

After carefully reviewing the record, the briefs, and having considered counsels' oral arguments, we find that the district court properly found that LL & E had not waived its right to retroactive application of the substitute fuel price index. However, we find that the district court incorrectly calculated the award of prejudgment interest to LL & E.

## I. FACTS

On June 1, 1974, the parties entered into a contract under which Air Products agreed to purchase ethane gas produced by LL & E. The parties agreed that the price for the ethane would be determined for each six month period, beginning with the second six months of 1976, according to a formula found in section 5.9 of the contract.[1] Section 5.9 required Air Products

(a) The price set forth in Section 5.5 hereof times the ratio of the Gulf Coast Fuel Index for the Six Month Period immediately preceding the Six Month Period for which the price is to be determined, to the Gulf Coast Fuel Index for 1974. For example, the Price to be paid for ethane delivered during the Second Six Month Period of 1976 shall be computed as follows:

price is to be determined, to the Composite Average Index for 1973. For example, the price to be paid for ethane delivered during the Second Six Month Period of 1976 shall be computed as follows:

to pay the higher of the base price, or an inflation escalation price, or a fuel index price based on posted prices in a trade publication, Platt's *Oilgram.* In section 5.3 of the contract, the parties agreed that if Platt's *Oilgram* discontinued its postings, a substitute method of computing the fuel index would be determined in accordance with section 5.12.[2] Section 5.12 provides that the old price would remain in effect during the determination of a substitute index; however, once the substitute was determined, the price would be increased retroactively.

Platt's *Oilgram* discontinued publication in 1975. Early in 1976, Air Products wrote to LL & E regarding a substitute index, and although a meeting between the two was held, no agreement was reached. The absence of a substitute price index was "largely ignored by both parties until it became apparent [that] the fuel index price was the highest." *Air Products and Chemicals, Inc. v. The Louisiana Land and Exploration Co.,* 806 F.2d 1524, 1527 (11th Cir.1986).

Until 1980, economic conditions were such that the inflation price provided the highest price. As conditions changed, Air Products management realized that a fuel index price would control and that the substitute fuel price might be applied retroactively. This realization was evidenced by an internal memorandum prepared by Air Products personnel. To deal with this possibility, Air Products established a reserve fund for the projected costs.

On December 29, 1981, LL & E wrote Air Products to arrange a meeting to discuss a substitute price index. In early 1982, LL & E submitted a proposal for a substitute index to Air Products, which Air Products accepted as the basis for prospective use only. LL & E demanded that the new index be applied retroactively.

Air Products, asserting that the new index should have only prospective application, initiated this litigation, claiming, among other things, that LL & E waived its rights to retroactive application and that LL & E was estopped from seeking retroactive application.

The parties filed cross-motions for summary judgment. In two orders granting Air Products' motion, the district court first found that the substitute index extended back only to the six-month pricing period from July to December, 1981. The district court then determined that the parties had entered into an accord and satisfaction which barred LL & E's recovery for the July to December 1981 period.

On appeal, this court affirmed the district court in part and reversed in part, affirming that the contract required retroactive application of the substitute fuel price index, but finding that the pendency period for such retroactive application commenced in 1976 rather than 1981, and that there was no accord and satisfaction. In addition, this court remanded the action for further proceedings and invited the district court to consider Air Products' affirmative defenses of waiver and estoppel. *Air Products,* 806 F.2d at 1528–29.

On remand, the parties filed cross-motions for summary judgment on the issues

or
    (c) Base Price.

**2.** 5.12: In the event publication of the Consumer Price Index or the Wholesale Price Index is discontinued, or the method of computing any said Indices is changed and Seller and Buyer cannot agree to substitute an index or indices or alternate method of computing the increase in price, a substitute index or indices shall be determined by arbitration. Seller and Buyer shall each select an arbitrator, each of whose charges shall be borne by the selecting party, and these two arbitrators shall select a third, whose charges shall be divided equally between Seller and Buyer. These three arbitrators shall determine, considering comparable indices and/or the general state of inflation of the economy, a substitute index or indices for determining the increase in price, which such method shall be binding on Seller and Buyer for the remainder of the Contract Period. Pending determination of the substitute index or indices by the parties and/or the arbitrators, performance of obligations under this Agreement by both parties shall continue and Buyer shall pay for ethane delivered at the last agreed upon price. Upon determination of a substitute index or indices, such index or indices shall be retroactively used to determine what price would have been paid throughout the pendency period and Buyer or Seller, as the case may be, shall pay the difference to the other party.

of waiver and estoppel. The district court granted LL & E's motion for summary judgment, finding that Air Products had been unable to support either its estoppel claim or its waiver claim against LL & E. The district court entered judgment in favor of LL & E. Having determined that LL & E prevailed on the issues of estoppel and waiver, the district court found that LL & E prevailed on its counterclaim as well and was entitled to be paid the difference between the price paid by Air Products and the price as determined by the agreed upon substitute price index. In addition, the district court awarded prejudgment interest. Air Products now appeals the grant of LL & E's motion for summary judgment on the issue of waiver, as well as the award of prejudgment interest. Air Products does not challenge the district court's disposition of the estoppel issue.

## II. DISCUSSION

As stated above, the issues for determination are (1) whether the district court erred in granting summary judgment in favor of LL & E on the issue of waiver, and (2) whether the district court properly calculated and awarded prejudgment interest to LL & E. We discuss each issue in turn.

### A. Waiver

█ On appeal, Air Products argues that LL & E waived its right to apply a substitute price index retroactively by consciously declining to exercise that right. LL & E claims that it never knowingly or intentionally waived its right to be paid at the higher substituted index price required under the contract. Moreover, LL & E argues that there was no implied waiver, because its conduct did not make out a "clear case" as required by Florida and Eleventh Circuit case law. We agree with the district court that Air Products has failed to make out a clear case of waiver on the part of LL & E.

As pointed out by the district court, the waiver issue is governed by Florida law. *Sharkenstein v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 572 F.Supp. 189, 191 (M.D.Fla.1983). Waiver is either an intentional or voluntary relinquishment of a known right, or conduct giving rise to an inference of the relinquishment of a known right. *Sentry Ins. v. Brown,* 424 So.2d 780, 784 (Fla. 1st DCA 1982); *Singer v. Singer,* 442 So.2d 1020, 1022 (Fla. 3d DCA 1983). Waiver requires the existence at the time of the alleged waiver of a right which may be waived, actual or constructive knowledge of that right, and the intention to relinquish that right. *Matter of Garfinkle,* 672 F.2d 1340, 1347 (11th Cir.1982). Waiver may be express or may be implied from conduct. *Id.* at 1347. For waiver to be implied for conduct, the acts, conduct or circumstances relied upon to show waiver must make out a clear case. *Matter of Garfinkle,* 672 F.2d at 1347; *Fireman's Fund Insurance Company v. Vogel,* 195 So.2d 20, 24 (Fla. 2nd DCA 1967).

Moreover, waiver is an affirmative defense; the party asserting that another party has waived a right has the burden of proof. *O'Brien v. O'Brien,* 424 So.2d 970, 971 (Fla. 3rd DCA 1983); *Opler v. Wynne,* 402 So.2d 1309, 1311 (Fla. 3rd DCA 1981). Waiver is established by examining only the actions and intent of the party charged with waiver, and not the party asserting the defense. *Mitchell v. Aetna Casualty and Surety Co.,* 579 F.2d 342, 347 (5th Cir.1978).[3]

In examining the actions of LL & E, the district court was unable to find any indication that LL & E intentionally or voluntarily waived its right to the retroactive application of the substitute price index. No written or oral pronouncements by LL & E personnel exist which would demonstrate waiver. To the contrary, LL & E Senior Vice President Donald Mitchell stated that LL & E never intended to give up the right to the substitute index or to its retroactive application. Mitchell Deposition at 99. We find that LL & E did not intentionally or

---

**3.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

voluntarily waive its right to the retroactive application of the substitute price index.

As mentioned above, in order to imply waiver from LL & E's conduct, the conduct must make out a clear case. The district court found that Air Products has failed to make out a clear case of waiver on the part of LL & E. We agree. While acknowledging that LL & E delayed in asserting its rights concerning the substitute index, the district court correctly found that LL & E's dilatory behavior did not clearly demonstrate a waiver of those rights.

Under Florida law, mere delay is insufficient to support a claim of waiver. *O'Brien v. O'Brien*, 424 So.2d at 971. In order to demonstrate waiver from conduct, Air Products must show that LL & E's dilatory behavior amounts to more than delay and suggests a course of performance by LL & E. The facts in this case support the district court's finding of mere delay on the part of LL & E.

From 1976 to 1980, the inflation escalation price provided the higher price for the ethane, due to economic conditions. There was no reason for LL & E to insist upon a substitute index, and in fact the problem was largely ignored by both LL & E and Air Products. In April 1980, Air Products recognized that a substitute index based on fuel prices would control. LL & E began internal activities in August 1981 to resolve the problem.

Air Products cited only one Florida case that arguably would lend support to its argument that delay equals waiver *Arbogast v. Bryan*, 393 So.2d 606 (Fla. 4th DCA 1981), but the district court correctly distinguished that case from the case at hand. We find that Air Products has failed to make out a clear case of waiver on the part of LL & E. Therefore, the district court's granting of LL & E's motion for summary judgment was proper.

### B. Prejudgment Interest

The district court awarded prejudgment interest on the principal amount from the date when the substitute price index could have first been applied. On appeal, Air Products argues that it had no duty to pay the amounts in dispute, as LL & E did not submit bills on a timely basis and did not demand payment. Air Products argues that the "date of the loss" in contracts actions is the date when payment is due under the contract. Air Products contends that the contract between LL & E and Air Products provided that retroactive payments by Air Products were due after receipt of a billing statement from LL & E. Section 5.13 [4] of the contract required LL & E to render a billing statement each month and required Air Products to pay LL & E within ten days from its receipt of the statement. Therefore, Air Products argues that any award of prejudgment interest in this case should run only from the date ten days after Air Products received a statement for the retroactive payments. In response, LL & E argues that the date of loss is the date of delivery because Air Products incurred an obligation to pay when each ethane delivery was made. Therefore, LL & E contends that the district court's calculation of prejudgment interest was correct.

Under Florida law, when a verdict liquidates damages or a plaintiff's out-of-pocket pecuniary losses, that plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss. *Argonaut Insurance Co. v. May Plumbing Co.*, 474 So.2d 212, 215 (Fla. 1985). "Florida has adopted the position that prejudgment interest is merely another element of pecuniary damages," *id.* at 214, and that the "[p]laintiff is to be made whole from the date of the loss," *id.* at 215. "[N]either the merit of the defense nor the certainty of the loss affects the award of prejudgment interest." *Id.* In short, once a court determines liability and damages, prejudgment interest is also due.

---

**4.** 5.13: On or before the tenth (10th) day of each month following the commencement of the term hereof, Seller shall render to Buyer a detailed statement of the quantities of said products delivered to Buyer during the preceding month, and Buyer shall pay to Seller the applicable prices therefor within ten (10) days from Buyer's receipt of the statement.

The key to the calculation of prejudgment interest is the date of the loss. Prejudgment interest will be awarded from that point. We find that LL & E did not suffer a loss until the substitute index had been chosen, the amount due had been calculated, and demand had been made on Air Products for payment. Thus, the date of the loss would be January, 1982. Although Air Products argues that payment was not due until an invoice was received, we find that LL & E's demand for retroactive payment in January, 1982 was the equivalent of the receipt of an invoice. Therefore, we find that prejudgment interest should have been awarded from January, 1982 and not from the date when the substitute index could have first been applied. We emphasize that this finding in no way affects the earlier decision of this panel, holding that retroactive application of the substitute index commenced in 1976. We merely adjust the calculation of prejudgment interest to be applied to the principal amount due. Having found the date of the loss to be January 1982, we find that prejudgment interest should be awarded from that point and not before.

### III. CONCLUSION

The district court correctly found that LL & E had not waived its right to retroactive application of the substitute fuel price index. However, the district court incorrectly calculated the award of prejudgment interest. We hold that prejudgment interest should have been awarded from January 1982, but not before. Thus, we AFFIRM in part, REVERSE in part, and REMAND for recalculation of prejudgment interest in accordance with this opinion.