## BRIDGEPORT ENGRAVERS SUPPLY COMPANY, a corporation, a/k/a Besco v BOSTON, d/b/a Anchor Printing

### Case No. 89-12-AP

Fourth Judicial Circuit, Duval County

August 8, 1989

#### APPEARANCES OF COUNSEL

**Michael Bowlus,** for appellant.

**Raymond Boston,** pro se.

#### OPINION OF THE COURT

PETER L. DEARING, Circuit Judge.

This is an appeal taken by the Plaintiff from a judgment entered in the County Court which awarded the Plaintiff its liquidated damages but denied recovery of prejudgment interest. A default was taken in the trial court against the Defendant/Appellee because of his failure to file an answer to the Complaint. Not unexpectedly, the Appellee has likewise failed to respond to this appeal.

The only issue raised in this appeal is whether or not the Plaintiff is entitled to prejudgment interest in his suit, which combines claims on an invoice and claims on dishonored checks. Both the invoice and the checks establish as of a date certain a liquidated claim for a specific

amount owed by the Defendant to the Plaintiff. Under such circumstances, even though the contract documents themselves do not call for interest, the Plaintiff is entitled to recover prejudgment interest at the legal rate of 12% from the date that payment was due on the invoice and on the checks. *Argonaut Insurance Co. v May Plumbing Co.,* 474 So.2d 212 (Fla. 1985); *Fla. Stat.* § 687.01 (1987). Accordingly, the County Court should have allowed the Plaintiff's claim for prejudgment interest, although the Court was correct in denying the claim for attorney's fees. It is therefore

ORDERED AND ADJUDGED:

This cause is hereby remanded to the County Court with instructions that an amended judgment be entered which includes the award of prejudgment interest from the date payment was due on the invoice and checks up through and including the date of the amended judgment at the legal rate of 12%.

DONE AND ORDERED in chambers at Jacksonville, Florida, the 8th day of August, 1989.