**SCARBOROUGH CONSTRUCTORS, INC., Plaintiff,**

**v.**

**PACE CONSTRUCTION CORP., et al., Defendants.**

**No. 86–1538–CIV–T–17(A).**

United States District Court, M.D. Florida, Tampa Division.

Dec. 12, 1990.

---

Gary N. Strohauer, Strohauer, Teevan & Brown, P.A., Clearwater, Fla., for plaintiff.

James M. Crowder, Allen, Dell, Frank & Trinkle, Tampa, Fla., and J.D. Humphries, III, Varner, Stephens, Wingfield, McIntyre & Humphries, Atlanta, Ga., for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's motion to alter or amend judgment, filed September 14, 1990; Plaintiff's motion to tax costs and motion for award of attorney's fees, filed September 14, 1990; response thereto, filed September 27, 1990; and reply to the response, filed November 20, 1990.

This cause of action was remanded by the Eleventh Circuit Court of Appeals with instructions to enter judgment in favor of Plaintiff Scarborough Constructors, Inc., "in the amount of $86,373.46, plus interest at the lawful rate" and ordered that Plaintiff be awarded the costs of appeal, which were taxed, in the amount of $256.50 by the clerk of that court. Pursuant to that order, judgment was entered in this case on September 10, 1990.

Plaintiff seeks to have that judgment amended to reflect pre-judgment interest, costs on appeal, and post-judgment interest, at the legal rate, from September 10, 1990, and to retain jurisdiction for the inclusion of attorney's fees and court costs.

The first question the Court will address is the date from which the post-judgment interest rate should be calculated: from the date of this Court's judgment October 16, 1987, or from the appellate court decision August 6, 1990, 912 F.2d 1468, as urged by Defendants. Rule 37, Fed.R.App.P. states:

Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judgment is modified or reversed with direction that a money judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.

The "money judgment" of this Court, dated October 16, 1987, was affirmed by the appellate court when it directed that Plaintiff receive the identical amount awarded by this Court original judgment. It was the delay in payment question that was modified by the August 6, 1990, decision. Therefore, pursuant to Rule 37, Plaintiff is entitled to post-judgment interest from October 16, 1987, at the legal rate.

Plaintiff asserts its entitlement to pre-judgment interest from May 22, 1986, to the date of judgment, October 16, 1987, at the lawful rate, based on the Eleventh Circuit opinion and applicable Florida law. In Florida, as a matter of law, when a verdict liquidates damages for Plaintiff, Plaintiff is entitled to prejudgment interest from the date of the loss. This is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of awarded damages. *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 215 (Fla. 1985).

The Court has considered the argument of Defendants that to award pre-judgment interest to Plaintiff would represent modification of the Eleventh Circuit's decision, for which it has no jurisdiction. The Court cannot agree.

The appellate decision directed this Court to award interest at the lawful rate. Pre-judgment interest is interest that is due to Plaintiff pursuant to Florida law; which governs this diversity case. *Plantation Key Developers, Inc. v. Colonial Mortgage Co.*, 589 F.2d 164, 170 (5th Cir.1979). The Court is satisfied that the order of the Eleventh Circuit encompasses pre-judgment interest in its contemplation of the award of interest. Plaintiff is entitled to pre-judgment interest, at the legal rate, from May 22, 1986, pursuant to the pre-tri-

al stipulation, until the date of this Court's judgment of October 16, 1987.

Plaintiff additionally moves the Court for an award of costs and reasonable attorney's fees. As to the award of costs, Plaintiff seeks $1,446.50. The Court finds no objection from Defendants to this amount of costs, nor, upon examination of the bill of costs does the Court find the amount inappropriate.

Pursuant to the statutory payment bond and §§ 627.428 and 627.756, Fla.Stat., Plaintiff asserts its entitlement to reasonable attorney's fees as the prevailing party. Plaintiff seeks an award of $175.00 an hour for 323 and ¾ hours.

■ Defendants contend that Plaintiff has filed a petition for award of attorney's fees with the appellate court, which petition includes request for payment of services before the district court. Defendant suggests that the Court should defer consideration of the motion for fees pending the decision from the Eleventh Circuit on the issues raised by Plaintiff's petition and response thereto. After consideration of the motion, response, and reply, the Court is satisfied that the most expeditious answer is to defer ruling on the motion for attorney's fee until the decision of the Eleventh Circuit. Accordingly, it is

ORDERED the motion to alter or amend judgment be granted; the motion to award court costs at the trial level be granted; the ruling on the motion to award attorney's fee be deferred, pending the ruling of the Eleventh Circuit Court of Appeals on the petition before it on attorney's fees; and the Clerk of the Court shall enter an amended judgment in favor of Plaintiff, Scarborough Constructors, Inc., in the principal amount of $86,373.46, with pre-judgment interest, at the legal rate, from May 22, 1986, until the date of judgment of October 16, 1987; with post-judgment interest, at the legal rate, from the date of judgment of October 16, 1987; with costs on appeal, as awarded by the Eleventh Circuit, of $256.50; with court costs of $1,446.50; and the Court retains jurisdiction on the issue of attorney's fees.

DONE and ORDERED.