POLEN, Judge.
This appeal arises out of mortgage foreclosure proceedings. Appellants are the assignees of one of two mortgages appellee Frank executed in connection with the purchase of a home. One mortgage was a purchase money mortgage closed by appel-lee Manor Title, Inc., a/k/a Town Title, Inc. The other mortgage was executed in favor of appellant First General Mortgage Company, Inc., and later assigned to appellants. First General had hired Intercoastal Title Services, Inc., to act as closing agent and title examiner.
Apparently Frank failed to make mortgage payments and a dispute arose as to the priority of the mortgages. Appellants eventually entered into a settlement with the other mortgagees, and subsequently brought suit against Intercoastal for negligence in conducting its duties as a closing agent and title examiner, and for allowing a disbursal of the mortgage proceeds to Frank. Appellants also sued Manor Title for negligently conducting its closing.
On appeal, appellants urge reversal of the trial court’s final judgment in that the court found that Manor Title owed no duty to appellants, that First General and Inter-coastal were both negligent, and that total damages were $7,456.00. However, appellants have failed to provide this court with a transcript of the proceedings before the trial court. The trial court’s decision arrives at this court with a presumption of correctness, and without a record of the proceedings held below, appellants are unable to demonstrate that the trial court erred in finding as it did. Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla.1979). This is particularly true in a negligence action such as the instant case.
We are able to address appellants’ second point on appeal, notwithstanding the lack of a trial transcript. We agree that *100 the trial court erred in failing to award prejudgment interest, as the final judgment liquidates damages from the date that the settlement was reached: November 1, 1984. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). Therefore, we reverse and remand the final judgment, solely for the purpose of awarding prejudgment interest.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.