PER CURIAM.
Appellee Westside Automotive filed suit against appellant Bear Automotive Service Equipment Company alleging damages arising from the delivery to appellee of a defective commercial four-wheel alignment machine. After a jury verdict assessing damages for appellee, the trial court entered judgment for appellee which included an award of prejudgment interest. Appellant raises four issues on appeal, three of which we find to be without merit and do not address. We address appellant’s argument that the trial judge erred in the award of prejudgment interest. With respect to this issue we reverse and remand.
Appellee was entitled to an award of prejudgment interest as an element of damages. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). Under general principles of contract law, the award of prejudgment interest is calculated from the date the debt becomes due and payable under the contract. In the present case, the jury verdict indicates that appellee prevailed on a theory of revocation of acceptance. Under such a theory, it is well established that prejudgment interest may be awarded from the date of revocation of acceptance under the rationale that the purchase price is due to be returned to the purchaser at that time, and that the failure to return the purchase price deprives the buyer of the use of that amount of money from that date. See Hemmert Agricultural Aviation, Inc. v. Mid-Continent Aircraft Corp., 663 F.Supp. 1546 (D.Kan.1987); Troutman v. Pierce, Inc., 402 N.W.2d 920 (N.D.1987); Stridiron v. I. C., Inc., 578 F.Supp. 997 (D.Virgin Islands 1984); Johnson v. General Motors Corp., 233 Kan. 1044, 668 P.2d 139 (Kan.1983).
Although Argonaut does not require a specific finding as to the amount of prejudgment interest to be awarded, the amount of prejudgment interest cannot be calculated unless the date of revocation of acceptance is established. While a specific jury finding as to the date of revocation of acceptance would be helpful, it is not necessarily required. The trial court may award prejudgment interest where the date of revocation of acceptance is established without question in the record. See Troutman v. Pierce, Inc., 402 N.W.2d 920 (N.D.1987). In the present case, we construe the jury’s verdict as a finding of a timely revocation of acceptance by appellee West-side. The award of prejudgment interest, however, is complicated by the fact that the jury was not asked to specify the date of revocation of acceptance. We find, however, that the record of the case contains competent, substantial evidence to support the jury’s finding of a timely revocation of acceptance. Therefore, we will not disturb the finding of a timely revocation of acceptance.
Although the record does not clearly indicate the date from which the trial court assessed prejudgment interest, the parties agree that it was the date of purchase of the wheel alignment machine. Under ordinary circumstances, an award of prejudgment interest from the date of purchase upon a finding of revocation of acceptance will be error as a matter of law *1222 because the purchase price is not due to be refunded to the purchaser until acceptance is revoked.[1] In any event, it is clear that prejudgment interest was not awarded from the date of revocation of acceptance as no such date was specified. The record of the instant case contains appellee’s written notice of revocation dated May 21, 1990, which establishes a date certain which the trial judge may use as a basis for the calculation of prejudgment interest. We are well aware that this clearly established date of revocation of acceptance, May 21, 1990, is approximately five years after the date of purchase of the four-wheel alignment machine. We do not opine, however, that revocation of acceptance occurring some five years after the date of purchase is timely as a matter of law. What we do hold is that where the jury has found a timely revocation of acceptance of an unspecified date, and where the jury’s finding is supported by the record, any clearly established date of revocation of acceptance of record, timely or untimely, will serve as a basis for calculating prejudgment interest.
Therefore, we reverse the award of prejudgment interest and remand the case to the trial court for modification of the judgment to award prejudgment interest from May 21, 1990. In all other respects, the judgment of the trial court is affirmed.
AFFIRMED in part, REVERSED in part and REMANDED with directions.
MINER, WOLF and KAHN, JJ., concur.

. Of course, we are mindful of the possibility that purchase, delivery and revocation of acceptance could possibly occur all in one day.