THREADGILL, Judge.
Peter M. de Manió and de Manió & Young, P.A., defendants below (de Manió), appeal an amended final judgment rendered following jury trial in this legal malpractice action. Nancy Burns, plaintiff below, cross appeals the denial of prejudgment interest and the reduction of the jury’s award by a set off for attorney’s fees and costs owed Mr. de Manió. We find reversible error only in the denial of prejudgment interest. We affirm in all other respects.
Mr. de Manió, a lawyer, represented Mrs. Burns in a dissolution of marriage proceeding. After final judgment of dissolution had been entered, Mrs. Burns brought an action against Mr. de Manió alleging that he was negligent in his representation. A jury found Mr. de Manió negligent and awarded Mrs. Bums $74,000.00, in damages. The court reduced this award by $16,617.00, based on a claim of set off for attorney’s fees, costs, and interest owed to Mr. de Manió in the dissolution proceeding. The trial court also denied Mrs. Burns’ request for prejudgment interest on the damages.
Mrs. Burns was entitled to prejudgment interest. “[W]hen a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, [the] plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.” Argonaut Insurance Company v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). The damages awarded by the jury in this case represented pecuniary losses sustained by Mrs. Burns in the dissolution action as a result of Mr. de Manio’s negligence. The award was not speculative, but was fixed as of the date the trial court entered the final judgment in the dissolution action. Mrs. Burns was entitled, therefore, to receive prejudgment interest at the statutory rate from that date.
We reverse the amended final judgment and remand for the trial court to award prejudgment interest from the date of the entry of final judgment in the dissolution action. The amended final judgment is otherwise affirmed.
Affirmed in part; reversed in part and remanded.
SCHOONOVER, A.C.J., and LAZZARA, J., concur.