PETERSON, Judge.
Centex Great Southwest Corporation (“General”), a general contractor, appeals the denial of its claim for pre-judgment interest against the appellee, Aetna Casualty and Surety Company, (“Surety”).
General contracted with the Greater Orlando Aviation Authority (“Airport”) to expand the Orlando International Airport. General hired a subcontractor to perform certain plumbing and mechanical work which involved welding. Surety provided performance bonds for the work of the subcontractor. In the course of the project, the subcontractor filed for bankruptcy and its contracts were assigned to Surety for completion.
' Before the construction was completed, a dispute arose concerning the sufficiency of certain welds and as a result, Airport withheld progress payments due to General. General, in turn, withheld progress payments to Surety. Seeking payment of the withheld funds, Surety filed suit against General. General then filed á third party complaint against Airport. Airport counterclaimed seeking damages from General based on the allegedly defective welds performed by General’s subcontractor. General then filed a counterclaim against Surety alleging that it was entitled to indemnity from Surety based on the subcontractor’s performance bonds.
The trial court found that the welds were defective and that General was liable to Airport for the defects. The court also found Surety liable to General for the full amount of General’s damages. The court awarded Airport $2,900,000 as compensation for General’s breach of the contracts, less a setoff of $954,465 for the unpaid contract balance associated with the work performed by the subcontractor and the Surety. A partial final judgment was then entered against General in favor of Airport for the net amount of $1,945,535, and Surety paid this amount directly to Airport to satisfy its obligation of indemnity. Airport then paid to General the funds previously withheld on account of the welding defects.
After the partial final judgment was entered, General filed a motion in which it asked that attorney’s fees, costs and prejudgment interest be assessed against Surety. In this motion General argued it was entitled to $1,057,452 as interest for the period of time, pre-judgment, that Airport withheld progress payments based on the defective welds. General reasoned that had the welds been properly performed, Airport *1271 would not have withheld the progress payments due to General. Surety responded, inter alia, that General’s claim was barred by Surety’s satisfaction of the judgment entered against it when it paid Airport’s judgment against General. The trial court granted Surety’s motion to strike on the basis that General only sought indemnification in its counterclaims against Surety and did not seek compensatory damages from Surety.
In arguing it is entitled to pre-judgment interest, General relies upon Argonaut Insurance Co. v. May Plumbing Company, 474 So.2d 212 (Fla.1985) (“ When a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, plaintiff is entitled as a matter of law, to pre-judgment interest at the statutory rate from the date of that loss.”). We find, as the trial court implicitly did, that Argonaut is basically inapplicable to General’s claim against Surety. General sought indemnity from Surety for any liability it would face from Airport as a result of any defects found to exist in the welds. The loss of the use of the funds withheld by Airport from General was not at issue in the claim for indemnity filed by General against Surety. General’s claim against Surety was simply that Surety, not General itself, should pay for whatever damages Airport became liable for as a result of the defective welds. Surety fulfilled that obligation by paying Airport when the judgment was rendered.
We affirm the trial court’s order striking General’s motion to seek an award of prejudgment interest.
AFFIRMED.
GRIFFIN, C.J., and THOMPSON, J., concur.