POLEN, J.
 

 Appellants, Cohen & Cohen, P.A., CO-BIS, a Florida partnership, Bernard Cohen, individually, and Irwin Cohen, individually, (the Cohen Entities) appeal the trial court’s amended final judgment awarding Appellee, Conrad Scherer, LLP, the Cohen entities’ former attorneys, $159,543.09 in damages and $10,127.93 in prejudgment
 
 *806
 
 interest. Appellants raise several issues regarding the trial court’s interpretation of the subject retainer agreement. We affirm the trial court’s interpretation of the contract and write only to address the trial court’s failure to affix a date on which prejudgment interest began to accrue.
 

 The parties’ dispute arose after the Cohen Entities hired William Scherer Jr., a principal of Conrad Scherer, LLP, to represent them in five separate but intertwined legal matters. The parties acknowledge in the retainer agreement that the whole of Conrad Scherer’s representation involved several matters for which no affirmative recovery was anticipated. Accordingly, the parties agreed to the following nonstandard fee arrangement which would be paid out of any
 
 gross
 
 recovery:
 

 75% of any recovery up to the first $100,000 recovered
 

 50% of any recovery between $100,000.01 and $300,000
 

 40% of any recovery between $800,000.01 and $500,000
 

 33 1/3% of any recovery in excess of $500,000
 

 The retainer agreement was later amended by addendum in order to reduce the fee to 33 1/3% of all amounts recovered. The addendum provided, “All other terms of the retainer shall remain in full force and effect.”
 

 As to costs, the retainer agreement stated that costs were in addition to any attorney’s fees and that costs or charges advanced by Conrad Scherer on behalf of the client were to be “reimbursed to the law firm from any net recovery, if a recovery is obtained.” The agreement also held the Cohen Entities responsible for costs “which have been paid or are due.”
 

 An accounting firm retained by Conrad Scherer to assist in the litigation brought suit against Conrad Scherer alleging breach of contract for Conrad Scherer’s failure to pay for its services. Conrad Scherer answered the complaint raising an affirmative defense that it retained the accounting firm’s services acting as the Cohen Entities’ agent.
 

 Conrad Scherer filed a third party complaint against the Cohen Entities seeking damages on grounds of breach of contract, indemnification, and promissory estoppel for the Cohen Entities’ failure to pay the several costs incurred by Conrad Scherer for the purpose of representing the Cohen Entities. Among other forms of relief, Conrad Scherer sought a judgment for those costs plus prejudgment interest.
 

 The Cohen Entities brought a counterclaim against Conrad Scherer for breach of contract and an accounting, claiming that Conrad Scherer collected $141,308.04 more in attorney’s fees than it was entitled to under the retainer agreement. Specifically, according to the Cohen Entities, Conrad Scherer was entitled to 33 1/3% of their net recovery from the five different matters. Thus, Conrad Scherer should have offset the recovery gained in some matters by the amount of the adverse judgment sustained in other matters before calculating its fee.
 

 Following a bench trial, the trial court denied the Cohen Entities’ claims and awarded Conrad Scherer the principal sum of $159,543.09 for costs incurred during its representation of the Cohen Entities and $10,127.93 in prejudgment interest.
 

 The Cohen Entities argue the trial court erred in awarding prejudgment interest without making a finding of the specific date on which the loss was incurred and the interest rate applied. Conrad Scherer acknowledges that the trial court must affix a date on which prejudgment interest begins to accrue and suggests that the trial court relied on a letter dated Decern-
 
 *807
 
 ber 8, 2004 in which Conrad Scherer requested payment of the unpaid bills.
 

 Both parties cite
 
 H & S Corp. v. U.S. Fidelity & Guaranty Co.,
 
 667 So.2d 393 (Fla. 1st DCA 1995), in which the court held that the trial court’s failure to make a finding regarding a fixed date of actual expenditure before awarding and calculating prejudgment interest required the case to be remanded for further proceedings.
 
 Id.
 
 at 399.
 

 The Cohen Entities’ argument that the trial court erred in failing to make a finding as to the interest rate applied is without merit.
 

 The amount of interest to be paid, absent a controlling contractual provision, is a matter of policy to be determined by the legislature. The judiciary does not have discretion in this matter but must apply the statutory interest rate in effect at the time the interest accrues.
 

 Argonaut Ins. Co. v. May Plumbing Co.,
 
 474 So.2d 212, 215 (Fla.1985). Accordingly, we reverse and remand for the trial court to determine a date on which prejudgment interest began to accrue.
 

 Affirmed in part, reversed in part, and remanded.
 

 MAY and GERBER, JJ., concur.