DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES ALAN ROBERTSON,**
Appellant,

v.

**LAURA HOCHSTATTER** a/k/a **LAURA ROBERTSON,**
Appellee.

No. 4D22-1769

[August 2, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura Johnson, Judge; L.T. Case No. 502004DR003728.

Wayne S. Kramer of Midler & Kramer, P.A., Fort Lauderdale, for appellant.

Roger Levine and Amy D. Shield of Shield & Levine, P.A., Boca Raton, for appellee.

GERBER, J.

The former husband appeals from the circuit court's May 31, 2022 final money judgment in the former wife's favor. The final money judgment ordered the former husband to pay the former wife: (1) an equitable distribution lump sum amount which had been unpaid since January 1, 2017; (2) prejudgment interest on the lump sum amount accruing from January 1, 2017 (the amount's due date) through May 31, 2022 (the final money judgment's entry date) using a 5.97% annual accrual rate; and (3) postjudgment interest on the combined lump sum amount and prejudgment interest at the state-determined annual accrual rate.

The former husband does not contest his liability for the lump sum amount. However, he argues that, pursuant to the parties' 2004 marital settlement agreement ("MSA"), he should not be liable for prejudgment interest on the lump sum amount. Alternatively, he argues the circuit court should have imposed prejudgment interest on the lump sum amount using the state-determined January 1, 2017 accrual rate of 4.97%. The former wife concedes error on the former husband's alternative argument.

We conclude the circuit court properly interpreted the MSA as: (1) prohibiting interest accrual on the lump sum amount during the thirteen-year period between the MSA's 2004 entry and the lump sum amount's January 1, 2017 due date; and (2) permitting prejudgment interest accrual on the lump sum amount from its January 1, 2017 due date until the May 31, 2022 final money judgment's entry date. We thus affirm the final judgment, but based on the former wife's concession of error, remand for the circuit court to correct the prejudgment interest's accrual rate.

### *Procedural History*

In 2004, the circuit court entered a final judgment of dissolution of marriage. The final judgment incorporated by reference the parties' MSA. The MSA's Paragraph 4C pertinently stated:

> The Wife shall receive a lump sum equitable distribution payment in the amount of Three Hundred Thousand Dollars ($300,000.00) on January 1, 2017. *Said payment shall not bear or accrue interest.*

(emphases added).

When the former husband did not pay the $300,000 amount on January 1, 2017, the former wife filed an action to reduce the $300,000 into a final money judgment for that amount. The former husband responded by admitting he owed the $300,000 payment.

On May 31, 2022, the circuit court entered a final money judgment in the former wife's favor. The final money judgment included the following pertinent findings of fact and conclusions of law:

- The former husband shall pay the former wife the sum of $300,000.00, plus prejudgment interest and postjudgment interest.

- The prejudgment interest shall be calculated at the rate of 5.97% per annum from January 1, 2017 to May 31, 2022, in the amount of $96,914.00, which when added to the underlying $300,000, amounted to the sum of $396,914.00.

- Postjudgment interest shall accrue on the $396,914.00 at a rate determined by the state's Chief Financial Officer.

In support of its finding of fact and conclusion of law that the former wife would be entitled to prejudgment interest on the $300,000 from January 1, 2017 (the amount's due date) to May 31, 2022 (the final money judgment's entry date), the circuit court cited, without elaboration, *Argonaut Insurance Co. v. May Plumbing Co.*, 474 So. 2d 212 (Fla. 1985). *Argonaut* generally holds: "[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate *from the date of that loss*." *Id.* at 215 (emphases added).

### *The Parties' Arguments on Appeal*

The former husband primarily argues the circuit court erred in awarding the former wife any prejudgment interest. More specifically, the former husband argues:

> *Argonaut* states, "The amount of interest to be paid *absent a controlling contractual provision*, is a matter of policy to be determined by the legislature." [*Id.* at 215 (emphases added)]. In the [instant case], unlike [in] *Argonaut*, there is a controlling contractual provision regarding interest which super[s]edes the award of prejudgment interest. Paragraph 4C of the [MSA] unambig[uosly] declares,
>
> > []The Wife shall receive a lump sum equitable distribution payment in the amount of Three Hundred Thousand Dollars ($300,000.00) on January 1, 2017. *Said payment shall not bear or accrue interest.*[] [(emphases added)].
>
> …
>
> The terms and conditions are clear and unambiguous pursuant to the four corners of the [MSA]. The effect of the [MSA] must be determined from the words of the contract, and the [circuit] court cannot thereafter modify those rights. …

(internal record citations omitted).

The former wife's answer brief pertinently responds:

> [The MSA's paragraph 4C] setting this lump sum [$300,000] payment … provided it would not bear or accrue

interest.  *The provision, however, was silent as to what would happen in the event of post-maturity non-payment.*

> Former Wife argued below, and the [circuit] court agreed, … that the interest forbearance in the MSA lasted only until the far-off payment came due [on January 1, 2017].  After that, Former Husband's breach … meant an award of prejudgment interest as part of the money judgment was appropriate.

(emphases added).

### *Our Review*

Our review is de novo.  *See Healthcare Underwriters Grp., Inc. v. Sanford*, 337 So. 3d 32, 44 (Fla. 4th DCA 2022) ("A trial court's decision concerning a party's entitlement to prejudgment interest is reviewed de novo."); *Godwin v. Godwin*, 273 So. 3d 16, 23 (Fla. 4th DCA 2019) ("To the extent Former Husband's appeal involves interpretation of the MSA, our review, as with any contract, is *de novo*.").

Applying de novo review, we agree with the former wife's argument.  As the former wife argues, the MSA's paragraph 4C's sentence—"Said payment shall not bear or accrue interest"—is silent as to what time period that sentence applies.

Faced with that silence, the circuit court properly interpreted the MSA's paragraph 4C as:  (1) prohibiting interest accrual on the lump sum amount during the thirteen-year period between the MSA's 2004 entry and the lump sum amount's January 1, 2017 due date; and (2) permitting prejudgment interest accrual on the lump sum amount from its January 1, 2017 due date until the May 31, 2022 final money judgment's entry date.

That interpretation properly reconciles the MSA's paragraph 4C with longstanding principles that prejudgment interest begins to accrue from the date the debt was due, which in this case was January 1, 2017:

> Prejudgment interest is awarded to compensate a plaintiff's out-of-pocket, pecuniary losses *from the date of such losses*.  Plaintiff is to be made whole *from the date of the loss* once a finder of fact has determined the amount of damages and defendant's liability therefor.  It is proper to allow interest at the legal rate *from the date the debt was due.*

4

*Langsetmo v. Metza*, 335 So. 3d 708, 711 (Fla. 4th DCA 2022) (emphases added; internal citations, brackets, and quotation marks omitted).

Given these longstanding principles, the most logical interpretation of the MSA's paragraph 4C is, as the former wife's answer brief submits: "The MSA's interest ban only lasted for the duration of the equitable distribution payout schedule. … Once the $300,000 came due, the MSA's distribution clause reached its own maturity and ended. After that, non-payment was a straightforward breach." We also note the former husband, contradictorily to his proffered interpretation of the MSA's paragraph 4C as not permitting <u>any</u> accrued interest, has not contested the circuit court's imposition of postjudgment interest on the lump sum amount.

### *Conclusion*

Based on the foregoing, we affirm the circuit court's interpretation of the MSA's paragraph 4C as: (1) prohibiting interest accrual on the $300,000 lump sum amount during the thirteen-year period between the MSA's 2004 entry and the $300,000 lump sum amount's January 1, 2017 due date; and (2) permitting prejudgment interest accrual on the $300,000 lump sum amount from its January 1, 2017 due date until the May 31, 2022 final money judgment.

We therefore affirm the final judgment, but based on the former wife's concession of error, remand for the agreed-upon correction of the prejudgment interest's January 1, 2017 accrual rate to be 4.97%. *See Argonaut*, 474 So. 2d at 215 ("The legislature has established a statutory interest rate which controls prejudgment interest.").

*Affirmed and remanded with instructions.*

GROSS and LEVINE, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

5