452 So.2d 583 (1984)
Melvin T. GOLDBERGER, Dean Moses, Earl Worsham, Frederick Roehner and Soll Roehner, Appellants,
v.
REGENCY HIGHLAND CONDOMINIUM ASSOCIATION, INC., etc., et al., Appellees.
No. 81-1815.
District Court of Appeal of Florida, Fourth District.
May 9, 1984.
*584 Curtis G. Levine of Baskin & Sears, P.A., Boca Raton, for appellants.
Sidney A. Stubbs of Jones & Foster, P.A., West Palm Beach, for appellee-Barnett Bank of Delray Beach.
DOWNEY, Judge.
This is an appeal from a final summary judgment on a crossclaim entered against the partners of a general partnership doing business as Regency Highland Associates, and in favor of Barnett Bank of Delray Beach.
Melvin Goldberger, Dean Moses, Earl Worsham, Frederick Roehner, and Soll Roehner, partners doing business as Regency Highland Associates, were the developers of Regency Highland Condominium. During the course of the construction of the condominium in 1974 the partnership furnished the Bank with a loan guarantee in which the partners agreed to pay all indebtedness which the partnership might incur with the bank. Then in April 1975 the partnership borrowed $100,000 from the Bank on a 90 day note. A total of $25,000 was paid on said note, the balance being renewed from time to time. The final renewal was a note of April 24, 1978, which is the basis of this suit. After the execution of the original note, but prior to the date of execution of the April 24, 1978, note, the partnership assigned to the Bank as collateral security for the loan in question a promissory note dated October 4, 1976, from Regency Highland Condominium Association, Inc., to the partnership in the principal sum of $148,860.90.
The present controversy is part of litigation that Regency Highland Condominium Association, Inc., instituted by filing a complaint in which the above mentioned partners and the Barnett Bank, among others, were named as defendants. The Bank filed a crossclaim against the partners to recover the balance due on the $75,000 promissory note of April 24, 1978, basing liability on the guarantee agreement the partners gave the Bank in 1974. The partnership filed an amended answer to the Bank's amended crossclaim denying the allegations thereof and affirmatively pleading: 1) the loan guarantee agreement did not apply to notes from parties other than the partnership, and the note forming the basis of the loan guarantee was not from the partnership; 2) failure of consideration for the guarantee agreement; and 3) failure of consideration for the note forming the basis of the loan guarantee agreement.
*585 The Bank moved for summary judgment based upon the depositions of Goldberger (the managing general partner of Regency Highland Associates) and the president of the Bank; answers to the interrogatories; and admissions filed by the parties. Based upon the record, we hold there was no genuine issue of material fact and the trial court was correct in entering summary judgment for the Bank.
There was no issue of fact involving the partnership's execution of the guarantee agreement and the note of April 24, 1978, nor the partnership's default on the note, nor the amount due thereon. Furthermore, the affirmative defenses created no genuine issue of fact. The April 24, 1978, renewal note the Bank sued on was a note of the partnership that the loan guarantee agreement covered. Because it was a renewal note, i.e., because it was given in payment of a previous note representing the loan obtained in 1975, no consideration was necessary to support enforcement of consideration of the note of April 24, 1978. § 673.408, Fla. Stat. (1981); Frank v. Intercontinental Bank, etc., 372 So.2d 543 (Fla. 3d DCA 1979).
The partners' last argument is that their assignment to the Bank of the collateral note of $148,860.90 made by the condominium association in favor of the partnership constituted payment and discharge of the partnership's obligation to the Bank. We need not reach this argument for the following reason. Payment is an affirmative defense that must be pleaded. Fla.R.Civ.P. 1.110(d); and see, e.g., Connecticut State Bank & Trust Co. v. Dadi, 182 Conn. 530, 438 A.2d 733 (1980). Failure to plead an affirmative defense waives that defense, and an appellate court will not consider it in reviewing a summary judgment for a plaintiff. Fink v. Powsner, 108 So.2d 324 (Fla. 3d DCA 1959). However, even if payment had been properly made an issue, the evidence does not support that defense.
Finding no genuine issue of material fact presented in the trial court, we affirm the judgment appealed from. Cf. Sani-Serv Division of Burger Chef Systems v. Southern Bank, 244 So.2d 509 (Fla. 4th DCA 1970).
AFFIRMED.
LETTS and HERSEY, JJ., concur.