513 So.2d 230 (1987)
Larry WYMAN, Appellant,
v.
Richard ROBBINS, and Ann Robbins, His Wife, Appellees.
No. BT-60.
District Court of Appeal of Florida, First District.
September 29, 1987.
*231 John R. Darin, II, of Cameron, Marriott, Walsh & Hodges, Orlando, for appellant.
Jerry W. Gerde, Panama City, for appellees.
MILLS, Judge.
Appellees, Richard and Ann Robbins, sued appellant, Larry Wyman, for trespass. They alleged that Wyman, who operated a tree removal business, cut trees on their property "without knowledge or approval or authorization from the plaintiffs." In his answer to the complaint, the only affirmative defense Wyman raised was contributory negligence.
The Robbins moved for summary judgment as to liability, at which time Wyman filed an affidavit in opposition executed by Alan Clark, a Wyman employee. In the affidavit, Clark stated that Richard Robbins ordered him to cut the trees.
The trial court found Wyman could not rely on the Clark affidavit to create a genuine issue of material fact because the affidavit (1) was inconsistent with Wyman's pretrial deposition testimony, and (2) raised an affirmative defense not raised in the pleadings. Thus, without considering any issues raised by the affidavit, the trial court found no genuine issue of material fact and granted summary judgment as to liability. We affirm.
Initially, we reject Wyman's argument that the Clark affidavit did not amount to an affirmative defense. Affirmative defenses are required to be set forth in the responsive pleading. Fla.R.Civ.P. 1.110(d). One of the affirmative defenses specifically mentioned in the rule is license. In this regard, Hattaway v. Florida Power & Light Co., 133 So.2d 101 (Fla. 2d DCA 1961) is instructive. There, the plaintiffs entered into a right-of-way agreement with Florida Power, giving Florida Power an easement on the plaintiffs' property. A Florida Power employee then cleared not only the right-of-way but also part of the plaintiffs' adjoining land. The plaintiffs sued for trespass. The defendants answered by admitting they cut trees on adjoining land, but contending they had a right to do so under the right-of-way agreement. The court held this was an affirmative defense. Similarly, the Clark affidavit admits that Wyman or his employees cut trees on the Robbins' property, but asserts that they were requested or had "license" to do so.
Because the Clark affidavit amounted to an affirmative defense, the trial court correctly applied the rule that failure to raise an affirmative defense prior to a plaintiff's motion for summary judgment constitutes a waiver of that defense. Gause v. First Bank of Marianna, 457 So.2d 582 (Fla. 1st DCA 1984); Goldberger v. Regency Highland Condominium Association, Inc., 452 So.2d 583 (Fla. 4th DCA 1984).
Having concluded that any issues raised by the Clark affidavit were properly excluded from the summary judgment determination on affirmative defense grounds, we need not determine whether the other reason given by the trial court for refusing to consider the affidavit was valid. We also find no merit in Wyman's contention that summary judgment was improper irrespective of the Clark affidavit.
AFFIRMED.
ERVIN and NIMMONS, JJ., concur.