526 So.2d 46 (1988)
KISSIMMEE Utility Authority, Petitioner,
v.
Better Plastics, Inc., Respondents.
No. 71073.
Supreme Court of Florida.
May 26, 1988.
Edward Brinson of Brinson, Smith & Smith, P.A., Kissimmee, for petitioner.
Jeffry R. Jontz and Steven L. Brannock of Holland & Knight, Tampa, for respondents.
William S. Bilenky, Gen. Counsel and Mary Jane Lord, Associate Gen. Counsel, Florida Public Service Com'n, Tallahassee, for intervenor.
KOGAN, Justice.
Pursuant to article V, section 3(b)(4) of the Florida Constitution, we review Better Plastics, Inc. v. Kissimmee Utility Authority, 511 So.2d 402 (Fla. 5th DCA 1987), to answer the following question certified as one of great public importance:

*47 IS A REGULATED PUBLIC UTILITY IN FLORIDA LIABLE TO CUSTOMERS FOR PREJUDGMENT INTEREST ON OVERCHARGE REFUNDS?
On the authority of Argonaut Insurance Company v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), we answer the question in the affirmative and approve the decision of the district court.
Kissimmee Utility Authority (Authority), a municipal utility, provides electrical service to Better Plastics, Inc. (Better Plastics). For the period of 1972 through 1985, the Authority overcharged Better Plastics in the amount of $107,674.17 for electrical service by using a multiplier of 80 when it should have been 60. On February 27, 1986, the Authority acknowledged the overcharge and issued a check for the overcharge amount to Better Plastics. On March 5, 1986, Better Plastics filed suit against the Authority, alleging the Authority was liable for interest on the overcharge amount. The Authority denied it owed any interest on the overcharge refund, asserting that as a regulated public utility it is governed by Florida Administrative Code Rule 25-6.106(2),[1] which does not permit or authorize the payment of interest to a customer as a result of overbilling for energy.[2]
Both parties moved for summary judgment, asserting that there were no disputed issues of material fact. On October 20, 1986, the trial court granted summary judgment in favor of the Authority. Better Plastics appealed, and the Fifth District Court of Appeal reversed and remanded, finding that a regulated public utility has the legal obligation to pay prejudgment interest on overcharge refunds under section 687.01, Florida Statutes (1986), and Argonaut Insurance Company v. May Plumbing Co.
Even though rule 25-6.106(2) does not specifically authorize the payment of prejudgment interest as part of the overcharge refund due a customer, we agree with the district court that a regulated public utility has the legal obligation to pay interest on overcharge refunds. In light of our decision in Argonaut, it is unnecessary for the Public Service Commission to specifically refer to prejudgment interest in its rules to assure utility customers are fully compensated in the event of an overbilling.[3]
In Argonaut we reaffirmed the long-standing principle in Florida that prejudgment interest is merely another element of pecuniary damages. For a plaintiff to be fully compensated, the award must include damages suffered from the loss of the use of the money because "the loss itself is a wrongful deprivation by the defendant of the plaintiff's property." 474 So.2d at 215. Once liability has been determined and the amount of damages set, it is merely a ministerial duty to add the appropriate amount of interest to the principal amount of damages awarded. Id. Whether an award of prejudgment interest is appropriate in this case does not turn on the Authority's status as a regulated public utility. In Florida once damages are liquidated, prejudgment interest is considered an element of those damages as a matter of law, and the plaintiff is to be made whole from the date of the loss. Id.
Notwithstanding the rule that a plaintiff be fully compensated from the date of the loss, the Authority argues that if Florida law requires payment of prejudgment interest on overcharge refunds, then *48 a portion of Better Plastics' claim and the interest thereon is barred by the statute of limitations, section 95.11, Florida Statutes (1986). The Authority admits in its initial brief on the merits that it was aware of the time bar argument it now asserts; however, the Authority claims this defense was not raised because the Authority chose to defend the action on the ground that rule 25-6.106 was a clear and lawful limitation on its duty to pay prejudgment interest on overcharge refunds. We decline to address this issue because the statute of limitations is an affirmative defense that must be pleaded at trial. Fla.R.Civ.P. 1.110(d). "Failure to raise an affirmative defense prior to a plaintiff's motion for summary judgment constitutes a waiver of that defense." Wyman v. Robbins, 513 So.2d 230 (Fla. 1st DCA 1987). The Authority waived the statute of limitations defense by electing not to plead it even though the Authority claims to have been aware the defense was available. The Authority's failure to plead the statute of limitations below bars it from raising the issue for the first time on appeal. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981). Therefore, the Authority is required to pay prejudgment interest at the statutory rate in effect for each year from 1972 through 1985. The amount of prejudgment interest to be paid absent a controlling contractual provision has been set by the legislature.[4]
Because our decision in Argonaut Insurance Company v. May Plumbing Co. is controlling, we answer the certified question in the affirmative and approve the decision of the Fifth District Court of Appeal.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and GRIMES, JJ., concur.
NOTES
[1] Florida Administrative Code Rule 25-6.106(2) provides:

In the event of other overbillings not provided for in Rule 25-6.103, the utility shall refund the overcharge to the customer for the period during which the overcharge occurred based on available records. If commencement of the overcharging cannot be fixed, then a reasonable estimate of the overcharge shall be made and refunded to the customer. The amount and period of the adjustment shall be based on the available records. The refund shall not include any part of a minimum charge.
[2] Interestingly, at oral argument the Public Service Commission, appearing as intervenor, asserted for the first time in this appeal that its regulatory powers do not extend to the Authority because the Authority is a municipally owned utility. Our decision in Argonaut is controlling regardless of the Authority's status as a "regulated public utility."
[3] At oral argument the Public Service Commission stated that utility customers are routinely granted interest on overcharge refunds, but the issue is not commonly raised because it is settled before litigation.
[4] Section 687.01, Florida Statutes contains the statutory interest rate set by the legislature that controls prejudgement interest. Periodically, this rate has been changed to reflect current market conditions. The interest rate in effect for the particular year in question shall be applied when figuring the interest owed on the overcharge amount for that year.