596 So.2d 1247 (1992)
J.A.B. ENTERPRISES and John Brown, Appellants,
v.
Joseph L. GIBBONS, Sr., et al., Appellees.
No. 91-0192.
District Court of Appeal of Florida, Fourth District.
April 15, 1992.
*1248 Leonard K. Samuels of Berger & Shapiro, P.A., Fort Lauderdale, for appellants.
John F. Dymond of Wolfson & Konigsburg, P.A., Davie, for appellee-Gibbons.
PER CURIAM.
Appellants J.A.B. Enterprises and John Brown appeal the trial court's final order that summarily granted appellee Joseph L. Gibbons, Sr.'s [Gibbons] amended petition for a rule nisi.[1] They claim that the order violated due process because they did not receive notice of Gibbons's underlying workers' compensation hearing. We affirm as to that issue and the related attorney's fees issue.
Gibbons filed a workers' compensation claim against appellants. At the outset of the compensation hearing, after neither appellants nor their carrier appeared, the deputy commissioner remarked:
Notice did go out for this hearing to the employer at their [sic] last known address. The certified mail has been returned here, return to sender unclaimed.
The following colloquy then took place:
[DEPUTY COMMISSIONER]: Obviously, I have given them notice of today's hearing, and did they not indicate that they wished to come or defend or 
[GIBBONS'S COUNSEL]: They indicated that they were just going to ignore it. Anything they got was going to be thrown in a round file. I attempted to ask them about  you know, just give me the name of your comp carrier. We are going to proceed with the comp claim. Do what you have to do is the response. We have no comp coverage. That was it.
On October 19, 1989, the deputy commissioner entered an order that awarded workers' compensation benefits to Gibbons. The record does not show whether appellants were sent a copy of the compensation order. Appellants never appealed that order.
On June 7, 1990, Gibbons, pursuant to section 440.24(1) of the Florida Statutes (1989), filed an amended petition for rule nisi in circuit court to enforce the compensation order. The amended petition alleged that, among other things, the compensation order had become final because appellants had not appealed it.
*1249 On September 24, 1990, appellants filed a pro se answer to the amended petition that did not assert the defense of lack of notice of the compensation hearing. Neither did they assert the defense of failure to receive the compensation order. The answer did deny that appellants failed to comply with the compensation order. The answer admitted that the compensation order had been entered and appellants had been ordered to pay it. More importantly, the answer also stated, "[Appellants] neither admit[] nor den[y] the allegations in paragraph five of [appellee's amended] petition but demand strict proof thereof." Paragraph five of the amended petition stated, "That the [compensation order] has never been appealed and became final thirty (30) days after entry thereof which was on the 20th day of November, 1989." Appellants' only affirmative defense asserted that Gibbons acted as an independent contractor.[2]
On September 26, 1990, Gibbons filed a motion for summary judgment without supporting affidavit. On October 15, 1990, appellant John Brown "d/b/a J.A.B. ENTERPRISES" filed a pro se unsworn response to the motion and, for the first time, raised the issue of lack of notice of the compensation hearing. We have not been furnished a transcript of the motion for summary judgment hearing. The record, however, reveals that on December 18, 1990, the trial court entered summary judgment against appellants. Thereafter, appellants filed this appeal.
We hold that appellants waived their right to collaterally attack the compensation order at the summary judgment hearing. Although the defense of lack of jurisdiction of the subject matter may be raised at any time, Fla.R.Civ.P. 1.140(h)(2), appellants have never asserted that the deputy commissioner lacked subject matter jurisdiction to conduct the compensation hearing. All other defenses are waived if not raised by motion or responsive pleading. Fla.R.Civ.P. 1.140(h)(1). Appellants did not assert any defense by motion. Fla. R.Civ.P. 1.140(b). Because the answer did not assert the defenses of lack of notice of the compensation hearing or failure to receive the compensation order, appellants waived those defenses. Appellants could not resurrect the lack of notice defense by including it in the response to the motion for summary judgment. See Wyman v. Robbins, 513 So.2d 230, 231 (Fla. 1st DCA 1987) (affirmative defense not raised before motion for summary judgment could not be considered in opposition to the motion). In addition, an appellate court will not consider a waived defense when reviewing a summary judgment. See Goldberger v. Regency Highland Condo. Ass'n, 452 So.2d 583, 585 (Fla. 4th DCA 1984). Thus, at the summary judgment hearing, appellants could not argue to the trial court that they failed to receive notice of the compensation hearing or the compensation order.
We also hold that appellants admitted that the compensation order had become final. It is critical to note that although the answer neither admitted nor denied the finality of the compensation order, but demanded strict proof thereof, such response did not constitute a denial. Clermont-Minneola Country Club, Inc. v. Coupland, 106 Fla. 111, 143 So. 133 (Fla. 1932) (an answer which avers that the defendant neither admits nor denies material allegations, but demands strict proof, is equivalent to no answer). Further, "[a]verments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading." Fla.R.Civ.P. 1.110(e). Thus, at the summary judgment hearing, appellants also could not argue that the compensation order had not become final.
Therefore, the record at the time of the summary judgment hearing established that the compensation hearing had taken place, notice of which appellants could not contest; that the compensation order had been entered, receipt of which appellants could not contest; that the compensation order was final, deemed admitted by appellants; and that appellants never contended that the compensation order had been appealed. *1250 Thus, the compensation order had to be considered final and the "trial court had no authority to do anything but order enforcement of the compensation order." Covert v. Hall, 467 So.2d 372, 374 (Fla. 2d DCA 1985). In addition, because appellants' answer, filed nearly ninety days before entry of the summary judgment, admitted that the compensation order had been entered and admitted, by failing to deny, that the compensation order became final, they could not alter those positions to avert summary judgment. Giddens v. Denman Rubber Mfg. Co., 440 So.2d 1320 (Fla. 5th DCA 1983).
Further, appellants' initial brief does not raise the issue of their failure to receive a copy of the compensation order. Appellants' reply brief denies that they received the order, however, an issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief. Snyder v. Volkswagen of America, Inc., 574 So.2d 1161 (Fla. 4th DCA 1991). Thus, appellants cannot argue to this court that they did not receive the compensation order. Therefore, once deemed received, appellants' failure to appeal also requires us to hold that the compensation order had become final before the summary judgment hearing took place.
AFFIRMED.
GLICKSTEIN, C.J., and WARNER and GARRETT, JJ., concur.
NOTES
[1] A rule that commands a party to show cause why the object of the rule should not be enforced. Black's Law Dictionary 1196 (5th ed. 1979).
[2] We note that at the compensation hearing Gibbons's counsel told the deputy commissioner, "[Appellants] have indicated to us or they are contending that they felt that Mr. Gibbons was an independent contractor... ."