ON MOTION FOR REHEARING

PER CURIAM.
Appellee Brooks has moved for rehearing of our earlier opinion in which we directed that judgment be entered in favor of appellant. In his motion, Mr. Brooks argues that, by the date the Department of Corrections terminated the lease, the rat infestation had been cured and the premises under lease were not untenantable. Our opinion did not directly address this argument and, accordingly, we grant the motion for rehearing in part. We withdraw the portion of our original opinion directing that judgment be entered in favor of the Department. Instead, the case must be remanded.' On remand, the trial court must determine whether the Department proved the premises it occupied were “wholly untenantable” at the end of the 20-day cure period provided by section 83.201, Florida Statutes (1995). On this limited remand, should the trial court again find the Department’s lease termination unlawful pursuant to section 83.201, it must reconsider the amount of damages previously awarded.
*2 Mr. Brooks would be entitled to prejudgment interest if the trial court finds the Department’s lease termination unlawful. See Broward County v. Finlayson, 555 So.2d 1211, 1213 (Fla.1990) (“ ‘[0]nce damages are liquidated, prejudgment interest is considered an element of those damages as a matter of law, and the plaintiff is to be made whole from the date of the loss.’ ’’)(quoting Kissimmee Util. Auth. v. Better Plastics, Inc., 526 So.2d 46, 47 (Fla.1988)). The trial court should not view Section XXI of the lease as operating to limit the Department’s liability to an amount equal to six months’ rent. The Department did not assert Section XXI as a defense and, thus, its applicability was never argued below. While Section XXI of the lease may have been applicable under the facts of this case, it was not for the trial court to invoke a defense the Department failed to raise. See Fed. Nat’l Mortgage Ass’n v. Blocker, 728 So.2d 306, 307 (Fla. 1st DCA 1999) (holding that it is error to grant “relief that was not requested, noticed, nor litigated by any party”).
Also, we direct the trial court to carefully consider Mr. Brooks’ claim of reliance damages if he prevails on remand. Contrary to the trial court’s original order, Mr. Brooks cannot recover reliance damages in addition to expectation damages, in the form of lost rental income. Expectation and reliance damages are alternate, and mutually exclusive, remedies. See Pathway Fin. v. Miami Int’l Realty Co., 588 So.2d 1000, 1005 (Fla. 3d DCA 1991); Resorts Int’l, Inc. v. Charter Air Ctr., Inc., 503 So.2d 1293, 1296 (Fla. 3d DCA 1987).
WOLF, C.J., KAHN, and LEWIS, JJ., Concur.