[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13140
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-23244-EGT

ROGER CHAVEZ,

Plaintiff – Appellant,

versus

MERCANTIL COMMERCEBANK, N.A.,

Defendant – Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 9, 2015)

Before WILLIAM PRYOR, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Appellant Roger Chavez appeals the district court's decision denying an award of prejudgment interest, despite Mr. Chavez having prevailed on his underlying claim that Mercantil Commercebank, N.A. (the "Bank") made an unauthorized wire transfer out of his account and must refund his money. We reverse and hold that Mr. Chavez is entitled to recover prejudgment interest.

I.

On February 7, 2008, the Bank transferred $329,500 from Mr. Chavez's bank account to someone in the Dominican Republic based on a fraudulent payment order.[1]  On February 18, 2008, Mr. Chavez's account statement for February 2008 closed, and shortly thereafter the Bank mailed an account statement to him at his address in Venezuela.  Mr. Chavez never reviewed this statement and was not immediately aware of the transaction.  On April 14, 2008, Mr. Chavez checked his account balance online, saw the unauthorized transaction, and reported the fraud to the Bank.  When the Bank refused to refund Mr. Chavez's account, he sued the Bank in state court, bringing a claim under Florida law.  The Bank removed the case to federal court on the basis of diversity jurisdiction.  After a bench trial, the district court determined that Mr. Chavez had not authorized the transfer and entered a $329,500 judgment in his favor but did not award Mr.

---

[1] This Court previously reversed the district court's grant of summary judgment to the Bank. Our prior opinion sets out in greater detail the facts underlying the dispute, which are not relevant for purposes of this appeal. *See Chavez v. Mercantil Commercebank, N.A.*, 701 F.3d 896 (11th Cir. 2012).

Chavez prejudgment interest.  Mr. Chavez has appealed only the district court's decision not to award prejudgment interest.

## II.

In diversity cases, such as this one, "[w]hether a successful claimant is entitled to prejudgment interest is a question of state law."  *Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1066 (11th Cir. 1996).  We review "the district court's determinations of state law *de novo*."  *Id.*

## III.

Under Florida law, "a plaintiff is entitled to prejudgment interest as a matter of law."  *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007).  "In Florida once damages are liquidated, prejudgment interest is considered an element of those damages as a matter of law, and the plaintiff is to be made whole from the date of the loss."  *Kissimmee Util. Auth. v. Better Plastics, Inc.*, 526 So. 2d 46, 47 (Fla. 1988); *see also Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214 (Fla. 1985) ("Florida has adopted the position that prejudgment interest is merely another element of pecuniary damages.").  Prejudgment interest can be awarded for causes of action based upon Florida statutes and regulations, even if the statute or regulation does not explicitly authorize prejudgment interest.  *See Kissimmee*, 526 So. 2d at 47.  To receive an award of prejudgment interest as damages, a plaintiff must show only two things:  "(1) [o]ut-of-pocket pecuniary loss, and (2) a fixed

date of loss." *Underhill Fancy Veal, Inc. v. Padot*, 677 So. 2d 1378, 1380 (Fla.

Dist. Ct. App. 1996).  Mr. Chavez is entitled to prejudgment interest because (1) he

experienced an out-of-pocket pecuniary loss (the $329,500 that his account was

debited), and (2) this loss occurred on a fixed date (when the Bank refused to credit

his account after he provided notice of the unauthorized transfer).

The Bank argues, and the district court agreed, that the Florida statute on

which Mr. Chavez's substantive claim was based, Fla. Stat. § 670.204(1),

forecloses an award of prejudgment interest in this case.  The statute provides that

if a bank accepts a fraudulent payment order and transfers money out of a

customer's account, then the bank must provide a refund to the customer.  *See* Fla.

Stat. § 670.204(1) ("If a receiving bank accepts a payment order issued in the name

of its customer as sender which is not authorized . . . the bank shall refund any

payment of the payment order received from the customer . . . .").  If the customer

fails to notify the bank about the unauthorized transaction within a reasonable

time,[2] however, the bank is not required to pay interest to the customer:

> [T]he bank . . . shall pay interest on the refundable amount calculated
> from the date the bank received payment to the date of the refund.
> However, the customer is not entitled to interest from the bank on the
> amount to be refunded if the customer fails to exercise ordinary care
> to determine that the order was not authorized by the customer and to
> notify the bank of the relevant facts within a reasonable time not

---

[2] Although § 670.204 provides that the reasonable time shall not exceed 90 days, Florida law permits the parties to alter the time "by agreement."  Fla. Stat. § 670.204(2)  In this case, the parties agreed to shorten the time period to 14 days.

exceeding 90 days after the date the customer received notification from the bank that the order was accepted or that the customer's account was debited with respect to the order.

*Id.*

The question before the Court is whether § 670.204's bar to the recovery of "interest" is also a bar to the recovery of prejudgment interest. Because the term "interest" in § 670.204 refers to the interest a bank pays on customer deposits, not prejudgment interest, we conclude that § 670.204 does not control whether Mr. Chavez can recover prejudgment interest. Thus, the district court should have awarded Mr. Chavez prejudgment interest under well-established Florida law that prejudgment interest is awarded as a matter of law. *See SEB*, 476 F.3d at 1320.

To begin, neither the Bank nor the district court has identified any case interpreting § 670.204 as altering Florida law regarding prejudgment interest. Notably, though, at least one court construing a similar state statute concluded prejudgment interest is available. *See New Props., Inc. v. Newpower*, No. 259932, 2006 WL 2632310, at *21 (Mich. Ct. App. Sept. 14, 2006) (interpreting a parallel Michigan law).[3]

This case presents a question of statutory interpretation under Florida law. We previously have explained that under Florida law "[t]he rules of statutory

---

[3] Both the Florida and Michigan statutes are based on § 4A-204 of the Uniform Commercial Code ("UCC"). The UCC's official commentary, while not binding authority, also supports the conclusion that a customer can collect prejudgment interest even if he did not notify his bank within a reasonable time. *See* U.C.C. § 4A-204 cmt. 2 (2002).

construction dictate that when the language of a statute is clear and unambiguous and conveys a clear and definite meaning, the statute must be given its plain and ordinary meaning.  Absent an ambiguity, the statute's plain meaning prevails." *Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of N. Am., Inc.*, 32 F.3d 528, 531 (11th Cir. 1994) (internal quotation marks and citations omitted).

We conclude that the term "interest" as used in § 670.204 is unambiguous and plainly refers to the money a customer earns for keeping money on deposit at a bank.  Limiting the term "interest" in § 670.204 to the money a customer receives from his bank for keeping money on deposit is consistent with the entirety of § 670.204.  *See State v. Gale Distributors, Inc.*, 349 So. 2d 150 (Fla. 1977) (explaining that "it is a cardinal rule of statutory construction that the entire statute under consideration must be considered in determining legislative intent, and effect must be given to every part of the section and every part of the statute as a whole").  Section 670.204 provides that when a bank debits a customer's account based on a fraudulent payment order, the customer is entitled to the interest that the bank would have paid on the debited amount if the fraudulent transfer had not occurred.  *See* Fla. Stat. § 670.204.   However, when a customer fails to notify his bank of a fraudulent transfer within a reasonable time, the customer forfeits the interest that his account otherwise would have earned from the bank.  *See id.* Nothing in § 670.204 suggests the legislature intended the reference to "interest" to

6

include prejudgment interest, altering Florida's rule that bank customers who recover monetary awards from banks through lawsuits—like other litigants who prove out-of-pocket loss as of a fixed date—are entitled to prejudgment interest.

The different purposes of an award of interest under § 670.204 and an award of prejudgment interest further support our conclusion that a bank customer, like Mr. Chavez, may recover prejudgment interest regardless of whether he is entitled to interest under § 670.204.  Under § 670.204, a customer can only recover the interest his account would have earned absent the unauthorized debit if he provided his bank with notice of the fraudulent transaction within a reasonable time.  The official commentary to the UCC explains that the bar on interest under § 670.204 is a "a penalty on the customer designed to provide an incentive for the customer to police its account."  U.C.C. § 4A-204 cmt. 2 (2002).  In contrast, prejudgment interest is awarded because "the loss itself is a wrongful deprivation by the defendant of the plaintiff's property."  *Argonaut*, 474 So. 2d at 215.  Thus, even when interest is not available under § 670.204, the statute does not foreclose a bank customer from recovering prejudgment interest.

Indeed, other related statutes make clear that the term "interest" in § 670.204 refers to the interest routinely paid on deposits with a bank, not prejudgment interest.  When a bank is required to pay a customer interest under § 670.204, the

7

interest rate is based on the rate agreed upon by the bank and customer.[4]  *See* Fla. Stat. § 670.506(1)(a).  The prejudgment interest rate is established by a different statute and is computed, in most cases, using a formula based on the average discount rate of the Federal Reserve Bank of New York.  Fla Stat. §§ 55.03, 687.01.  The fact that the interest rates for interest earned under § 670.204 and prejudgment interest are different indicates that the term "interest" in § 670.204 does not refer to prejudgment interest.

Both the district court's decision and the Bank's argument depend on the assumption that the "interest" in § 670.204 encompasses prejudgment interest so that § 670.204 controls whether a customer is entitled to prejudgment interest on a damages award under the statute.  But, because § 670.204 never mentions prejudgment interest, the statute does not alter Florida law that prejudgment interest is available.  We therefore reverse the district court's denial of prejudgment interest.  Because the "computation of prejudgment interest is purely a mathematical computation, . . . a purely ministerial duty of the trial judge or clerk of the court," *Argonaut*, 474 So. 2d at 215, we remand the case to the district court for the purpose of amending the judgment to award prejudgment interest to Mr. Chavez.

---

[4] Section 670.506 also provides that the interest rate can be set based on a funds-transfer system rule if the "payment order is transmitted through a funds-transfer system," which is a system through which a payment order is transmitted from one bank to another.  Fla. Stat. §§ 670.105(e), 670.506(1)(b).  However, § 670.204, which concerns a bank paying interest to its own customer for a fraudulent payment order, does not involve a funds-transfer system.

8

IV.

For the reasons set forth above, we REVERSE the district court and REMAND with instruction to amend the judgment to award Mr. Chavez prejudgment interest.

**REVERSED AND REMANDED.**