Gerber, C.J. The plaintiff appeals from the circuit court’s final order granting the City’s motion to dismiss the plaintiffs complaint with prejudice. In the complaint, the plaintiff alleged, in sum, that the City’s negligence in failing to repair or warn against a pothole in the City’s street caused him injuries when he tripped over the pothole while rollerblading in the street. The circuit court reasoned that sections 316.0085 and 316.2065(11), Florida Statutes (2014), when read together, precluded the City’s liability. The plaintiff primarily argues the circuit court erred by ruling that sections 316.0085 and 316.2065(11) must be read together. According to the plaintiff, each statute is clear and unambiguous and should have been given them plain and obvious meanings, which do not preclude the City’s liability. We agree with the plaintiff to the extent he argues that section 316.0085 may be read on its own without consideration of section 316.2065(11). However, reading section 316.0085 on its own still precludes the City’s liability. Thus, we affirm the dismissal order. Our review is de novo. See Headley v. City of Miami, 215 So.3d 1, 5 (Fla. 2017) (“Issues of statutory interpretation are subject to de novo review.”); Wallace v. Dean, 3 So.3d 1035, 1045 (Fla. 2009) (“We review de novo the dismissal of a complaint for failure to state a cause of action.”); Execu-Tech Business Systems, Inc. v. New Oji Paper Co. Ltd., 752 So.2d 582, 584 (Fla. 2000) (“A trial court’s ruling on a motion to dismiss based on a question of law is subject to de novo review.”). Section 316.0085, Florida Statutes (2014), entitled “Skateboarding; inline skating; freestyle or mountain and off-road bicycling; paintball; definitions; liability,” provides, in pertinent part: (1) The purpose of this section is to encourage governmental owners or lessees of property to make land available to the public for skateboarding, inline skating, paintball, and freestyle or mountain and off-road bicycling. It is recognized that governmental owners or lessees of property have failed to make property available for such activities because of the exposure to liability from lawsuits and the prohibitive cost of insurance, if insurance can be obtained for such activities. It is also recognized that risks and dangers are inherent in these activities, which risks and dangers should be assumed by those participating in such activities. [[Image here]] (3) This section does not grant authority or permission for a person to engage in ... inline skating ..on property owned or controlled by a governmental entity unless such governmental entity has specifically designated such area for ... inline skating (4) A governmental entity or public employee is not liable to any person who voluntarily participates in ... inline skating ... for any damage or injury to property or persons which arises out of a person’s participation in such activity, and which takes place in an area designated for such activity. (5) This section does not limit liability that would otherwise exist for any of the following: (a) . The failure of the governmental entity or public employee to guard against or warn of a dangerous condition of which a participant does not and cannot reasonably be expected to have notice. [[Image here]] (7)(a) Any person who participates in or assists in ., inline skating ... assumes the known and unknown inherent risks in these activities irrespective of age, and is legally responsible for all damages, injury, or death to himself or herself or other persons or property which result from these activities.... A governmental entity that sponsors, allows, or permits ... inline skating ... on its property is not required to eliminate, alter, or control the .inherent risks in these activities. § 316.0085, Fla. Stat. (2014). Here, the plaintiff conceded- that he was inline skating in an area not designated for such activity. Nevertheless, the plaintiff, in his first argument, attempts to use that fact to his advantage, and then, in his second argument, attempts to circumvent that fact to his advantage. We reject both arguments as leading to absurd results. See Amente v. Newman, 653 So.2d 1030, 1032 (Fla. 1995) (“If possible, the courts should avoid a statutory interpretation which leads to an absurd result.”). First, the plaintiff argues that because the Legislature’s expressed intent in subsection (4) was to preclude governmental liability where a person is damaged or injured while inline skating “in an area designated for such activity,” then subsection (4)’s preclusion of governmental liability does not apply to him because he was inline skating in an area not designated for such activity. ' We reject this first argument as leading to an absurd result. Given the Legislature’s expressed intent in subsection (4) to absolve a governmental entity from liability where a pérson is damaged or injured while inline skating “in' an area designated for such activity,” it would be an absurd result to hold a governmental entity liable where a person is damaged or injured while inline skating in an area not designated for such activity. This is especially true given subsection (7)’s admonitions that: • “Any person who participates in or-assists in ;.. inline skating .;. assumes the known and unknown inherent risks in these activities irrespective of age, and is legally responsible for all -damages, injury, or death to himself or herself or other persons or property which result from these activities”; and ’ • “A governmental entity that sponsors,, allows, or permits ... inline , skating ... on its property is not required to eliminate, alter, or control the inherent risks in these activities.” Second, the plaintiff argues'' that the Legislature’s expressed intent in subsection (5)(a) to permit governmental liability for “[t]he failure of the governmental entity or public employee to guard against or warn of a dangerous condition of which a participant does not and cannot reasonably be expected to have notice,” applies to his claim even though, he was damaged or injured while inline skating in an area not designated for such activity. . We reject this second argument as also leading to an absurd result. Given the Legislature’s express statement in subsection (3) that section 316.0085 “does not grant authority or permission for a person to engage in ... inline skating ... on property owned or controlled by a governmental entity unless such governmental entity has specifically designated such area for .., inline skating ...” (emphasis added), it would be an absurd result to conclude that the Legislature nevertheless intended to permit governmental liability under subsection (5)(a) where a person is damaged or injured while inline skating, in an area not designated for such activity. Given our conclusion that section 316.0085, read on its own, precludes the City’s liability, we also conclude that the circuit court’s error, ruling that sections 316,0085 and 316.2065(11) must be read together, was harmless, Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”). In any event, to the extent the' circuit court’s ruling may have implicitly recognized that section 316.2065(11), like section 316.0085, supported dismissal of the plaintiffs claim, we agree with such recognition. Section 316.2065(11) provides: No person upon roller skates, or riding in or by means of any coaster, toy vehicle, or similar device, may go upon any roadway except while crossing a street on a crosswalk; and, when so crossing, such person shall be granted all rights and shall be . subject to all of the duties applicable to pedestrians. § 316.2065(11), Fla. Stat. (2014) (emphasis added). The emphasized plain language supports the conclusion that it would be an absurd result for the Legislature to permit governmental liability under section 316.2065(11) where a person is damaged or injured while inline skating upon a roadway but not “while crossing a street oñ a crosswalk.” The plaintiffs final argument on appeal is that the circuit court improperly considered matters beyond the four corners of the complaint in determining the legal sufficiency of whether the plaintiff stated a cause of action. Specifically, the plaintiff cites to a portion of the hearing transcript in’ which the circuit court asked the- plaintiffs counsel whether any allegation reasonably could be made that the plaintiff was within the street’s crosswalk at the time of the accident. We disagree with- the plaintiffs final argument. As the plaintiff acknowledges in his initial brief, the circuit court expressly stated that its purpose in asking the question was not to assist the court in determining hów to rule on the City’s motion to dismiss, but in determining whether to give the plaintiff the opportunity to file an amended complaint alleging that the plaintiff was inline skating in a permissible area: So it’s dismissed with prejudice. And the reason it’s dismissed with prejudice is if—I asked the question earlier could you plead that he was in a crosswalk which would have taken it out—it would have put it in one of the exceptions. And when I found out that you didn’t have facts to be able to plead he was in a crosswalk, otherwise I would, have given you the opportunity to amend to plead mth specificity that he was, in fact, in a crosswalk and therefore the statute would not have applied to him. (emphasis added). See McCray v. Bellsouth Telecommunications, Inc., 213 So.3d 938, 939 (Fla. 4th DCA 2017) (“Refusal to allow an amendment is an abuse of the trial court’s discretion unless it’ clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.”) (emphasis added; citation omitted). Our colleague’s concurring opinion theorizes that, if the plaintiff had been able to plead the complaint differently, the plaintiff may have been able to state, a cause of action under the common law duty owed to a trespasser. We choose not to address our colleague’s theory for two reasons: (1) the plaintiff did not preserve this argument before the circuit court, see Aills v. Boemi, 29 So.3d 1105, 1109 (Fla. 2010) (“Except in cases of fundamental error, an appellate court cannot consider any ground for objection not presented to the trial court.”) (citation omitted); and (2) the plaintiff has not raised this argument in his initial brief, much less in this appeal, see Tillery v. Fla. Dep’t of Juv. Justice, 104 So.3d 1253, 1255 (Fla. 1st DCA 2013) (“[A]n argument not raised in an initial- brief is waived...”). Based on the foregoing, we affirm the circuit court’s dismissal order. Affirmed. Forst, J., concurs. Warner, J., concurs with an opinion.