DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EMMA GRIFFIN,**
Appellant,

v.

**PALM BEACH COUNTY BOARD OF COUNTY COMMISSIONERS,**
a Florida governmental entity,
Appellee.

No. 4D19-1396

[May 20, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502018CA003693XXXXMBAO.

Sorraya M. Solages-Jones of Lytal, Reiter, Smith, Ivey & Fronrath, West Palm Beach, for appellant.

Chelsea J. Koester and Sara C. Lindsey, Assistant County Attorneys of the Palm Beach County Attorney's Office, West Palm Beach, for appellee.

WARNER, J.

Emma Griffin appeals from the summary final judgment against her on her negligence suit against Palm Beach County for injuries she suffered when she fell into a hole on a path maintained by the County, while she was rollerblading. The trial court granted summary judgment based upon the application of section 316.0085(4), Florida Statutes (2017), and *Casserly v. City of Delray Beach*, 228 So. 3d 135 (Fla. 4th DCA 2017). Because the County did not allege the application of the statute as an affirmative defense, and appellant also requested leave to amend, we reverse.

Griffin was rollerblading on an asphalt pathway maintained by the County. When a family approached, she stepped off the path and fell into a deep hole and was injured. The hole next to the pathway was obscured from her view by vegetation overgrowing the path. She filed a complaint against the County alleging negligence in failing to warn of a dangerous condition as well as failure to repair a dangerous condition. The County

answered raising various defenses, but it did not raise section 316.0085(4), Florida Statutes (2017), as an affirmative defense.

After discovery, the County moved for summary judgment and argued (for the first time) that Griffin was rollerblading on the pathway which was not specifically designated for rollerblading and therefore, pursuant to section 316.0085, the County was immune from liability. Section 316.0085(4) provides:

> A governmental entity or public employee is not liable to any person who voluntarily participates in skateboarding, inline skating, paintball, or freestyle or mountain and off-road bicycling for any damage or injury to property or persons which arises out of a person's participation in such activity, and which takes place in an area designated for such activity.

The County relied on *Casserly v. City of Delray Beach*, 228 So. 3d 135 (Fla. 4th DCA 2017). After lengthy argument, the court granted the County's motion based upon *Casserly* and entered summary judgment. Griffin now appeals.

"Failure to raise an affirmative defense prior to a plaintiff's motion for summary judgment constitutes a waiver of that defense." *Kissimmee Util. Auth. v. Better Plastics, Inc.*, 526 So. 2d 46, 48 (Fla. 1988) (quoting *Wyman v. Robbins*, 513 So. 2d 230 (Fla. 1st DCA 1987)). While the County argues that Griffin did not object to its assertion of the statute as a bar, we note in the record that her attorney did state early in the hearing, "Also, as it relates to this statute [316.0085], this statute was not raised by Defendant, Palm Beach County, on their affirmative defenses."[1] Therefore, we conclude her argument is properly preserved. Based upon *Kissimmee,* we must reverse the final summary judgment.

Our reversal should not be construed as denying the County the opportunity to request amendment of its pleadings to assert the statutory bar. But Griffin also requested leave to amend her pleadings to address the affirmative defense and *Casserly*. Even if the County had been permitted to argue the unpled affirmative defense at the summary judgment hearing, Griffin should have been allowed to amend her pleadings.

A trial court's ruling on a motion to amend a complaint will be reviewed on appeal for abuse of discretion. *Dimick v. Ray*, 774 So. 2d 830, 832 (Fla.

---

[1] R pdf 489.

4th DCA 2000). A party may, with leave of the court, amend a pleading at, or even after, a hearing on a motion for summary judgment. *Armiger v. Associated Outdoor Clubs, Inc.*, 48 So. 3d 864, 870 (Fla. 2d DCA 2010). The primary consideration in determining whether a motion for leave to amend should be granted is a test of prejudice, and such leave "should not be denied unless the privilege has been abused or the complaint is clearly not amendable." *New River Yachting Ctr., Inc. v. Bacchiocchi*, 407 So. 2d 607, 609 (Fla. 4th DCA 1981). An amendment should be allowed "unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile." *See Video Indep. Med. Examination, Inc. v. City of Weston*, 792 So. 2d 680, 681 (Fla. 4th DCA 2001) (quoting *Spradley v. Stick,* 622 So. 2d 610, 613 (Fla. 1st DCA 1993)).

As Griffin had not previously requested leave to amend, the privilege had not been abused, nor had there been any showing that an amendment would have prejudiced the County. Since the County had not filed the statute as an affirmative defense, Griffin had no opportunity to respond to it by amendment of her pleadings. Furthermore, she had requested leave to amend to allege a "discovered or known trespasser" theory of liability as set forth in the concurrence in *Casserly*. Because of this, we cannot say that the amendment would have been futile. She should have had the opportunity to amend.

*Reversed and remanded for further proceedings.*

KLINGENSMITH and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3