DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

**HENRIETTE LAFRANCE,**
Appellant,

v.

**GUARDIAN ADVOCACY OF JAYDEN EMILE,**
Appellee.

No. 4D2023-2291

[January 22, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Natasha DePrimo, Judge; L.T. Case No. MHC-23-0001940.

Talhia S. Rangel of DIAL Clinic, Nova Southeastern University, Davie, for appellant.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals an order disqualifying her from appointment as the guardian advocate of her adult son due to her prior felony conviction. We affirm, as the applicable statutes' plain language provides that a felony conviction bars a person from appointment as guardian advocate.

Appellant filed a petition and application for appointment as guardian advocate of her adult son, alleging he had a developmental disability that rendered him unable to make certain decisions. Only in an amended application did appellant disclose that she had been previously convicted of a felony.

Appellant argued that her felony conviction did not disqualify her from appointment as guardian advocate because, unlike the guardianship statute, the guardian advocacy statute was silent as to criminal history qualifications. Appellant further argued that the trial court had discretion to appoint her as guardian advocate.

The trial court entered an order denying appellant's amended application for appointment as guardian advocate, stating:

> Florida Statute § 393.12(1)(b) provides that "the determination of incapacity of a person with a developmental disability ***and*** the appointment of a **guardian** must be conducted in a separate proceeding according to the ***procedures and requirements of chapter 744*** and the Florida Probate Rules." *Emphasis added*
>
> Although Florida Statute § 393.12 does not specifically provide qualifications or disqualifications for Guardian Advocates, the Court finds that the plain language of the Statute provides that the procedures and requirements of Chapter 744 shall govern the proceedings of Guardian Advocates as it does Guardians. In fact, Section 393.12 utilizes the word "Guardian," interchangeably, in the Guardian Advocate statute, as reflected above in subsection (l)(b). As such the requirements and disqualifications that are not specifically addressed in Section 393.12 are addressed in Chapter 744. While the Court acknowledges that there are specific differences between Guardians and Guardian Advocates, if the Legislature wanted to utilize a different standard for qualifications and disqualifications of Guardian Advocates, they could have provided that standard and not have referenced the standards set forth in Chapter 744.

The trial court further found that it did not have discretion to appoint appellant as guardian advocate, citing *Beckford v. Beckford*, 368 So. 3d 1061 (Fla. 2d DCA 2023). The trial court concluded that the applicable law did not allow for the appointment of appellant as guardian advocate. From this determination, appellant appeals.

Appellant argues that the trial court erred in relying on "guardianship law" to find appellant disqualified from appointment as her son's guardian advocate.

The interpretation of a statute is a question of law reviewed de novo. *Allen v. Montalvan*, 201 So. 3d 705, 709 (Fla. 4th DCA 2016).

In interpreting a statute, we start with the statute's plain language. *United Auto. Ins. Co. v. Chironex Enters., Inc.*, 352 So. 3d 341, 344 (Fla. 4th DCA 2022). "Where the words of a statute are plain and unambiguous

2

and convey a definite meaning, courts must read the statute as written." *Hollywood Park Apartments S., LLC v. City of Hollywood*, 361 So. 3d 356, 361 (Fla. 4th DCA 2023). "In interpreting the statute, we follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Ham v. Portfolio Recovery Assocs.*, 308 So. 3d 942, 946 (Fla. 2020) (citation omitted).

The trial court correctly found that appellant was disqualified from appointment as guardian advocate based on her prior felony conviction. Although the trial court found that the guardian advocate statute "does not specifically provide qualifications or disqualifications for Guardian Advocates," the guardian advocate statute, specifically section 393.12(10), Florida Statutes (2023), does in fact address this very issue.

Section 393.12, Florida Statutes (2023), the guardian advocate statute, references the guardianship laws in chapter 744 multiple times. Significant to the issue in this case, the guardian advocate statute states: "*A guardian advocate* for a person with a developmental disability *shall be a person* or corporation *qualified to act as guardian*, with the same powers, duties, and responsibilities required of a guardian under chapter 744 or those defined by court order under this section." § 393.12(10), Fla. Stat. (emphasis added).

Thus, pursuant to the plain language of the statute, a guardian advocate must be qualified to act as a guardian. Section 744.309, Florida Statutes (2023), addresses who is qualified to act as a guardian as well as who is disqualified from appointment as a guardian. Section 744.309(3) states, in relevant part: "*No person who has been convicted of a felony* or who, from any incapacity or illness, is incapable of discharging the duties of a guardian, or who is otherwise unsuitable to perform the duties of a guardian, *shall be appointed to act as guardian.*" (emphasis added). Because appellant had been convicted of a felony, she was disqualified as a matter of law from appointment as a guardian and thus, as a result, as a guardian advocate. *See Fla. Dep't of State v. Martin*, 916 So. 2d 763, 768 (Fla. 2005) ("The doctrine of *in pari materia* is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent.").[1]

---

[1] We note this case is unlike *Ticktin v. Goldmintz*, 391 So. 3d 470, 476-78 (Fla. 4th DCA 2024), where attorney's fees were not awardable to a guardian advocate under section 744.108 of the guardianship statute because that statute, by its plain language, limited recovery of fees to guardians. In contrast, section

Appellant argues that the trial court has discretion in the appointment of guardian advocates. In support, appellant relies on section 744.312(3)(e), which states that in considering appointment of a guardian, a court shall "[i]nquire into and consider potential disqualifications under s. 744.309 . . . ." The court in *Beckford* rejected this very same argument, stating that under section 744.312, "a court is required to determine whether potentially disqualifying factors, such as a felony conviction, do in fact exist. . . . It does not direct the court to weigh the felony conviction against other factors and determine whether the court, in its discretion, deems the party disqualified . . . ." 368 So. 3d at 1063.[2]

In summary, we affirm because the clear and unambiguous language in sections 393.12(10) and 744.309(3) disqualifies appellant from acting as guardian advocate based on her prior felony conviction.

*Affirmed.*

GROSS and KUNTZ, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

393.12(10) of the guardian advocate statute expressly references guardianship law by stating that "[a] guardian advocate . . . shall be a person . . . qualified to act as guardian . . . ."

[2] Appellant also argues in her reply brief that she was never "convicted" of a felony because adjudication was withheld. Initially, appellant waived this issue because she did not raise it in her initial brief. *See J.A.B. Enters. v. Gibbons*, 596 So. 2d 1247, 1250 (Fla. 4th DCA 1992) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief."). This argument also fails on the merits because section 744.309(3), Florida Statutes, expressly disqualifies persons with felony convictions "regardless of adjudication."